FEDERAL INSURANCE COMPANY et al., Respondents-Appellants-Respondents, v RYDER TRUCK RENTAL, INC., et al., Appellants-Respondents, AETNA CASUALTY & SURETY COMPANY et al., Respondents-Appellants, and SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, as Liquidator of MIDLAND INSURANCE COMPANY, Respondent. (And a Third-Party Action.) —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered March 13, 1992, which granted the motion and cross-motion of defendants and third-party defendants George R. Nadramia and Erie Transfer Company, Inc. and defendants Ryder Truck Rental, Inc., Old Republic Insurance Company, United States Fire Insurance Company, California Union Insurance Company and First State Insurance Company, respectively, for reargument and, upon reargument, adhered to its original order and judgment (one paper), entered on or about June 6, 1991, which, *inter alia,* denied defendants' motion for summary judgment and declared that defendant Ryder Truck Rental's Old Republic Insurance Company policy is deemed primary and is responsible to the policy limit of $1 million of the $1.75 million settlement; declared that defendant Erie Transfer's trucker's policy issued by defendant Aetna Casualty & Surety Company and plaintiff Mirage Enterprises' business auto policy issued by plaintiff Federal Insurance Company are also deemed primary and thus are required to contribute $375,000 each to the Shafarman settlement; and deemed the insurance policies issued by defendants United States Fire Insurance Company, California Union Insurance Company, First State Insurance Company, Midland Insurance Company and the excess indemnity policy issued by Aetna excess and thus not required to contribute to the settlement of the Shafarman action, unanimously modified, on the law, only to the extent of declaring (1) that Aetna's trucker's policy issued to Erie Transfer is primary and is required to contribute its full $500,000 limit; (2) that Federal's policy issued to Mirage is deemed excess and is required to contribute together with the policies issued by United States Fire, California Union, First State, Midland and the excess policy issued by Aetna; and (3) the matter is remanded to the IAS Court for apportionment of the excess policies and consideration of the issue of counsel fees. As so modified, the order and judgment is otherwise affirmed, without costs. Appeal from the original order and judgment (one paper) entered on or about June 6, 1991 is dismissed as subsumed in the appeal from the subsequent order, without costs.

This is an action for a judgment declaring the rights and

responsibilities of a number of insurance carriers with respect to a personal injury action.

Plaintiff Mirage is a motion picture production company which was engaged in 1982 in the production of the film "Tootsie". Defendant Erie was a corporation engaged in the business of providing theatrical trucking services. Erie entered into an agreement with Mirage to provide such services. Defendant Nadramia was an employee of Erie who was assigned to work as a truck driver on a Ryder truck leased to Erie for the filming of the movie.

Defendant Old Republic issued a general liability automobile policy to Ryder with a $1 million limit. Defendants United States Fire, California Union and First State, all provided excess insurance to Ryder. Defendant Aetna provided a $500,000 primary trucker's policy and an excess indemnity policy with a $1 million limit to Erie. Finally, plaintiff Federal issued a business auto policy to Mirage and defendant Midland issued an excess umbrella policy to Mirage.

At approximately 10:15 on the evening of April 26, 1982, at the intersection of 34th Street and Ninth Avenue, a pedestrian, Linda Shafarman was struck and injured by a Ryder truck leased to Erie and driven by Mr. Nadramia.

The ensuing personal injury action was settled in Federal court in Manhattan in the sum of $1.75 million with Old Republic, Federal, and Aetna on behalf of Ryder, Mirage and Erie Transfer and Nadramia, respectively, agreeing to split the total three ways with each paying $583,333.33 (Aetna agreed to pay the extra penny necessary to bring the total to $1.75 million) and reserving their rights with respect to any coverage questions, which were to be determined in a subsequent declaratory judgment action.

In its original decision, the IAS Court found that Nadramia was a "special employee" of Mirage; that Old Republic's policy was a primary policy and it was barred from seeking subrogation against its own insured (i.e., Old Republic could not seek to recover the difference between the $10,000 basic coverage afforded to Nadramia as an employee of the renter of the vehicle and the $1 million coverage afforded to Ryder); that the Ryder truck was a "non-owned vehicle" under the terms of Federal's policy issued to Mirage, but found that policy to apply as primary coverage inasmuch as Nadramia was a "special employee" of Mirage; and, that the Federal policy and Aetna's trucker's policy, which was also primary, were required to contribute to the remaining amount of the settle-

ment after the exhaustion of Old Republic's policy. Upon reargument, the court additionally found that it would be impermissible for Mirage and Federal now to seek indemnification directly from Nadramia and Erie.

We agree with the IAS Court's findings regarding the primary coverage of Old Republic's policy and Aetna's trucker's policy; however, we disagree with its declaration that Federal's business auto policy provides primary coverage inasmuch as Nadramia was a "special employee" of Mirage.

Regardless of Nadramia's status as a special employee of Mirage and the provision in Federal's policy extending coverage to "non-owned autos", the IAS Court erred when it concluded that Federal's policy was also a primary policy which will be reached only after the limits of the Old Republic policy are exhausted.

Part VI, B of the policy entitled "OTHER INSURANCE" specifically provides, in pertinent part: "1. For any covered auto you own this policy provides primary insurance. For any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance".

Moreover, Erie and Nadramia's reliance upon the endorsement entitled, "HIRED AUTOS SPECIFIED AS COVERED AUTOS YOU OWN" is misplaced in that, in order for this endorsement to apply, there must first be a determination that a vehicle is a "hired" vehicle. Where Mirage did not rent the truck from Ryder and paid no compensation to it for the use of the vehicle, but rather paid Erie, an independent contractor, for theatrical trucking services, it is clear that Erie was making a profit by providing both the truck and driver and was not in the truck rental business. Under these circumstances, the Ryder truck was not a vehicle "hired" by Mirage.

Thus, inasmuch as Federal's policy provides only excess coverage in these circumstances, Old Republic's policy issued to Ryder and Aetna's trucker's policy issued to Erie provide the only primary coverage and a contribution of their full value is required, viz. $1 million and $500,000, respectively. With respect to the remaining $250,000 of the Shafarman settlement, we remand the matter to the IAS Court for determination of the applicability of all the excess policies. We have considered the parties' other points and find them unpersuasive except to the extent that we also remand the question of counsel fees, if any, for determination by the IAS Court. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.