**David BAKALAR, Plaintiff,**

v.

**Milos VAVRA and Leon Fischer, Defendants.**

**No. 05 Civ. 3037(WHP).**

United States District Court, S.D. New York.

May 30, 2008.

William L. Charron, Esq., Pryor Cashman Sherman & Flynn LLP, New York, NY, for Plaintiff.

Raymond J. Dowd, Esq., Dunnington, Bartholow & Miller LLP, New York, NY, for Defendants.

### MEMORANDUM AND ORDER

WILLIAM H. PAULEY, III, District Judge.

This Memorandum and Order resolves the parties' dispute regarding the law to

be applied in the trial of this action. For the reasons set forth below, the Court will apply the substantive law of Switzerland to the parties' claims. New York law will govern any laches defense.

## BACKGROUND

Plaintiff commenced this action seeking a declaratory judgment that he is the rightful owner of a drawing by Austrian expressionist artist Egon Schiele known as Seated Woman with Bent Left Leg (Torso) (the "Drawing"). In their counterclaims, Defendants assert ownership of the Drawing as the legal heirs of Fritz Grunbaum ("Grunbaum"), because they claim the Nazis stole the Drawing from Grunbaum. The pertinent facts underlying this action are set forth in this Court's prior Memorandum and Order and are not repeated here. *Bakalar v. Vavra*, No. 05 Civ. 3037(WHP), 237 F.R.D. 59, 2006 WL 2089884 (S.D.N.Y. July 28, 2006).

## DISCUSSION

### A. *Necessity of Choice of Law Analysis*

It is "[o]nly when ... there is no actual conflict that New York will dispense with a choice of law analysis." *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir.1998). Plaintiff argues Swiss law applies, while Defendants argue for Austrian law. Under Swiss law, a good-faith purchaser of property acquires title to the property as long as certain conditions are met, and the burden rests on the former owner to prove bad faith. Under Austrian law, a good faith purchaser of property cannot acquire title to previously stolen property. In view of the conflict between Austrian and Swiss law, a choice of law analysis is necessary.

### B. *The Substantive Law of Switzerland Applies*

Because this action was brought pursuant to this Court's diversity jurisdiction, the Court must apply the choice of law rules of New York, the forum state in which it sits. *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir.1999). "Under New York's choice of law rules, questions relating to the validity of a transfer of personal property are governed by the law of the state where the property is located at the time of the alleged transfer." *Greek Orthodox Patriarchate of Jerusalem v. Christie's, Inc.*, 1999 WL 673347, at *4–5 (S.D.N.Y. Aug.30, 1999). The Court must apply the law of the country where "title passed, if at all." *Greek Orthodox*, 1999 WL 673347, at *5. Eberhard Kornfeld, the Swiss art dealer, is the first person known to have possessed the Drawing, and the dispute concerns whether Kornfeld acquired title by purchasing it from Mathilde Lukacs or whether he acquired it illegitimately. Defendants do not allege any transfer of property in Austria, claiming instead that the Court should apply Austrian law because they allege that is where the Nazis stole the art from Fritz Grunbaum. Because "title passed, if at all," in Switzerland when Kornfeld acquired the Drawing, Swiss law applies.

### C. *Public Policy Considerations*

"If the choice of law analysis leads to the application of foreign law, a court may refuse to apply that law only if its application would be violative of fundamental notions of justice or prevailing concepts of good morals." *Curley*, 153 F.3d at 12. Although the application of Swiss law would arguably provide less protection to the original owner of property than New York law, "[i]t cannot be said that New York law emphatically supports the rights of owners, based on 'fundamental

notions of justice[.]'" *Greek Orthodox,* 1999 WL 673347, at *5 (internal quotation marks and citation omitted). Even where a plaintiff has claimed that the application of foreign law according to choice of law principles would impede the return of art that had been stolen by the Nazis, New York's public interest in protecting original owners has not been considered more important than applying the foreign law. *See Warin v. Wildenstein & Co., Inc.,* 2001 WL 1117493, 2001 N.Y. Slip Op. 40127(U) (N.Y.Sup.Ct. Sep.4, 2001) (applying French statute barring original owner's recovery after thirty years regardless of current owner's bad faith). Accordingly, Defendants' assertion that "New York law does not recognize foreign laws, such as the laws of Switzerland, that facilitate trafficking in stolen property" is meritless. Swiss law applies to the claims in this dispute.

### D. *The Defense of Laches*

 "[I]t is a well-settled conflict-of-laws rule that the forum will apply the foreign substantive law, but will follow its own rules of procedure." *Bournias v. Atlantic Maritime Co.,* 220 F.2d 152, 154 (2d Cir.1955). "[T]he forum state's rule for choosing a statute of limitations is used to determine the timeliness of all claims for relief, no matter what substantive law governs those claims." *Fireman's Fund Ins. Co. v. Fraund,* No. 88 Civ. 2765(MBM), 1989 WL 31490, at *5 (S.D.N.Y. Mar.31, 1989). "[T]he local law of the forum determines whether an action is barred by laches." Restatement (Second) of Conflict of Laws, § 142 cmt. d (1971). Accordingly, this Court must apply New York's law concerning laches to Defendants' counterclaims, regardless of the foreign substantive law applied.

*CONCLUSION*

For the foregoing reasons, the substantive law of Switzerland applies to the parties' claims, and New York law will govern any laches defense.

SO ORDERED.