(December 9, 2010)

**SHOU FONG TAM, Also Known as SHOU FONG CHAN, Respondent-Appellant, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant-Respondent.** [913 NYS2d 183]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 16, 2009, which denied defendant's motion for summary judgment to dismiss the complaint and grant its counterclaim, and denied plaintiff's cross motion for summary judgment, unanimously modified, on the law, to dismiss plaintiff's General Business Law § 349 claim, and otherwise affirmed, without costs.

This appeal concerns plaintiff Shou Fong Tam's right to re-

cover death benefits under three life insurance policies issued in 1988, 1991, and 1992 by defendant Metropolitan Life Insurance Company (MetLife). The policies insured the life of non-party James Ngai. Tam worked for MetLife as a sales representative and account executive from the late 1980s until 2008. She apparently sold the policies to Ngai, who would later become her fiancé. Subsequent to their purchase, Ngai transferred ownership of all three policies to Tam.

Tam made premium payments for over a decade, until December 2003, when the policies lapsed for nonpayment. Coverage continued temporarily through a nonforfeiture clause, which allowed the owner a grace period in which to pay past due premiums and reinstate coverage. When Tam was notified her policies had lapsed, she elected to have the premiums paid by accrued dividends. However, as the policies had lapsed, their reinstatement required forms to be signed by Mr. Ngai, as insured. Tam never submitted these forms. She alleges that she was promised notification by regular mail in the event that her dividends were insufficient to keep premium payments current. MetLife counters that no such promise was made, and that it was standard practice to send email notification, which is what it did. By letter dated July 2004, MetLife notified Tam that her premiums were past due and that the policies' "non-forfeiture" periods had expired.

In December 2004, Tam requested that the reinstatement forms be waived. MetLife refused, and Tam asked her manager, a higher level MetLife employee, to intercede on her behalf. Through e-mails and phone calls, he attempted to get MetLife to waive the reinstatement form requirement. Mr. Ngai died in March of 2005. In May 2005, Tam spoke with MetLife agents and stated that the policies lapsed due to MetLife's negligence. MetLife then waived the reinstatement requirements. Company employees aver that they only allowed reinstatement without Ngai's signature based upon Tam's misrepresentation that she was the agent, not the beneficiary of the policies. Once reinstated, Tam paid the balance on the premiums and the policies became active. Tam then submitted a claim for death benefits, which was rejected.

She then brought this action alleging breach of contract and violation of General Business Law § 349. In its answer, defendant counterclaimed for rescission of the three policies. Both plaintiff and defendant moved for summary judgment, which the court denied. Both parties appealed. We modify to dismiss plaintiff's General Business Law § 349 claim, and otherwise affirm.

The IAS court properly denied plaintiff's and defendant's motions for summary judgment on the cause of action for breach of contract. There are material issues of fact as to whether plaintiff was properly notified of the imminent lapse of the insurance policies she owned, thus precluding summary judgment to either party (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). There are also issues of fact concerning whether plaintiff misrepresented her status as the owner of the policies when attempting to have them reinstated without proper documentation.

However, we grant defendant's motion to dismiss the claim for violation of General Business Law § 349. The elements of a claim under that section include consumer-oriented conduct that is materially deceptive and causes injury to the plaintiff (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]). Here, plaintiff contends that MetLife violated General Business Law § 349 by withholding crucial information regarding the status of policyholders' premium payments, in furtherance of a broad scheme to unlawfully avoid paying benefits. While it is settled that disputes involving insurance transactions can fall within the ambit of General Business Law § 349 (*Riordan v Nationwide Mut. Fire Ins. Co.*, 977 F2d 47, 52 [1992]), private contractual disputes upon matters not affecting the consuming public are not actionable under this section (*see Continental*, 87 NY2d at 321; *Security Mut. Life Ins. Co. of N.Y. v DiPasquale*, 283 AD2d 182 [2001], *lv dismissed* 97 NY2d 653 [2001]).

Plaintiff alleges misconduct in the handling of her policy and MetLife's failure to pay death benefits. However, her dispute with her insurer and their course of dealings is unique. There is nothing in the record to indicate that there are any other policyholders similarly situated. Accordingly, we dismiss plaintiff's General Business Law § 349 claim. These facts do not present the type of consumer-oriented misconduct the statute was enacted to prevent. Concur—Gonzalez, P.J., Saxe, Nardelli, Richter and Román, JJ. **[Prior Case History: 2009 NY Slip Op 32668(U).]**