David BAKALAR, Plaintiff,

v.

Milos VAVRA and Leon Fischer, Defendants.

No. 05 Civ. 3037(WHP).

United States District Court, S.D. New York.

Jan. 14, 2011.

James A. Janowitz, Esq., Pryor Cashman Sherman & Flynn LLP, New York, NY, for Plaintiff.

Raymond J. Dowd, Esq., Dowd & Marotta LLC, New York, NY, for Defendants.

### MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

Plaintiff David Bakalar ("Bakalar") brings this declaratory judgment asserting that he is the rightful owner of an Egon Schiele drawing known as "Seated Woman with Bent Left Leg (Torso)" (the "Drawing"). Defendants Milos Vavra and Leon Fischer counterclaim for conversion and replevin. Following a bench trial, this Court awarded judgment for Bakalar. The Court of Appeals vacated that judgment and remanded for further proceedings. Defendants now move to reopen expert discovery so that they can offer evidence from two expert witnesses that this Court previously excluded: Dr. Jonathan Petropoulos ("Petropoulos") and Dr. Milan Kostohryz ("Kostohryz"). For the following reasons, Defendants' motion is denied.

## BACKGROUND

Bakalar bought the Drawing in 1963 from a New York gallery. *Bakalar v. Vavra (Bakalar IV)* 05 Civ. 3037(WHP), 2008 WL 4067335, at *3 (S.D.N.Y. Sept. 2, 2008). In August 2004, he consigned the Drawing to Sotheby's, where it sold for $675,000. *Bakalar IV*, 2008 WL 4067335, at *1. The sale was rescinded when Defendants, heirs of Fritz Grunbaum (the "Heirs"), asserted a claim. *Bakalar v. Vavra (Bakalar II)*, 05 Civ. 3037(WHP), 2006 WL 2311113, at *1 (S.D.N.Y., Aug. 10, 2006). Defendants contend that the Nazis expropriated the Drawing from Grunbaum in 1938. Plaintiff disputes any confiscation during the war and claims valid title. *See generally Bakalar IV*, 2008 WL 4067335.

This Court presumes familiarity with the facts set forth in its prior decisions, *see Bakalar IV*, 2008 WL 4067335; *Bakalar v. Vavra (Bakalar III)*, 550 F.Supp.2d 548 (S.D.N.Y.2008); *Bakalar II*, 2006 WL 2311113; *Bakalar v. Vavra (Bakalar I)*, 237 F.R.D. 59 (S.D.N.Y.2006), and summarizes only those facts relevant to this motion.

### I. Experts Petropoulos and Kostohryz

#### A. Petropoulos

Petropoulos is a historian and expert in the activities of Franz Kieslinger ("Kieslinger"), a notorious Nazi art looter. During the Holocaust, Kieslinger inventoried Grunbaum's art collection. (Defendant's Corrected Memorandum in Support of Motion to Present Expert Trial Testimony ("Def.'s Mem.") 11.) Defendants offer Petropoulos's testimony to (1) interpret, summarize and clarify issues of fact relating to the circumstances under which certain German language documents were created; (2) inform the Court of the historical practices leading to the creation of these documents and their practical significance; and (3) present scholarship relating to the plunder of Jewish property in Vienna during the Holocaust. (Def.'s Mem. 11–12.)

#### B. Kostohryz

Kostohryz is a Czech lawyer specializing in estates, inheritance, and probate law. (Declaration of Raymond Dowd dated Nov. 4, 2010, Ex. H. Declaration of Dr. Milan Kostohryz 1.) Defendants offer Kostohryz's testimony to rebut Bakalar's laches defense. He would testify that any alleged inaction by persons in the former communist nation of Czechoslovakia was reasonable because legal action in that country was a practical impossibility. (Def.'s Mem. 14–16.)

#### C. Prior Motion Practice Relating to Petropoulos and Kostohryz

Expert discovery began in November 2005. At that time, Defendants produced reports from two foreign law experts and a handwriting expert. (Declaration of William L. Charron dated Nov. 24, 2010 ("Charron Decl.") ¶ 2.) In March 2007, this Court ordered that all discovery be completed by May 31, 2007. (Docket # 148: Scheduling Order dated Mar. 12, 2007.) At Defendants' request, this Court extended the deadline for expert discovery to November 30, 2007. (Charron Decl. ¶ 3; Docket # 169: Scheduling Order No. 8 dated Aug. 31, 2007.)

One week before that deadline, Defendants requested a further extension of expert discovery to February 15, 2008 to submit an expert report from Petropoulos. (Charron Decl. ¶ 5; Docket # 178: Endorsed Letter dated Dec. 4, 2007 ("Dec. 4 Letter").) Defendants' request was premised on "new evidence"—recently obtained translations of a 2005 book and a 2006 article providing "previously unknown" information about Kieslinger's art looting activities. (Charron Decl. ¶ 9; Dec. 4 Letter; Letter from Raymond J. Dowd dated

Nov. 2, 2007.) On December 4, 2007, this Court denied Defendants' request. (Dec. 4 Letter.) Thereafter, Defendants twice sought reconsideration of that decision. (Charron Decl. ¶¶ 11–12.) Those requests were denied. (Charron Decl. ¶¶ 11–12.) After trial, Defendants moved both this Court and the Court of Appeals to supplement the record on appeal to include the Petropoulos report. Those motions were also denied. (Charron Decl. ¶¶ 13–15.)

Defendants did not mention Kostohryz to this Court until September 28, 2007, several months after fact discovery had closed, when his report surfaced in a joint discovery dispute letter. (Letter from Raymond J. Dowd and James A. Janowitz dated Sept. 28, 2007.) After a hearing on October 24, 2007, this Court granted Plaintiff's application to exclude Kostohryz's report:

> I am persuaded that the defendants' submission of a declaration from a Czech legal expert on the issue of laches at this juncture comes too late; that it is a legal expert opinion, and to the extent that it is offered as part of fact discovery, fact discovery is closed.

(Tr. Oct. 24, 2007 at 9:4–8.) This Court also noted that the issue of laches was known to the parties from the outset of litigation. (Tr. Oct. 24, 2007 at 6:16–17.)

## II. *The Court of Appeals Decision*

After judgment was entered for Bakalar, Defendants appealed several decisions of this Court, including the application of Swiss law and the denial of Defendants' request to offer Petropoulos as an expert witness. (Def.'s Appeal Br. 36–37.) Defendants did not raise this Court's exclusion of Kostohryz on appeal. (Charron Decl. ¶ 26.)

On September 2, 2010, the Court of Appeals, in an opinion freighted with historical footnotes, vacated this Court's decision on the ground that it incorrectly applied Swiss law:

> We conclude that the district judge erred in holding that Swiss law, rather than New York law, applied here. Consequently, if, contrary to the holding of the district judge, the drawing was stolen or otherwise unlawfully taken from Gumbaum, that circumstance would affect the validity of Bakalar's title.

*Bakalar v. Vavra*, 619 F.3d 136, 146 (2d Cir.2010). In addition, the Court of Appeals offered the following guidance:

> The district judge found that the Grunbaum heirs had failed to produce "any concrete evidence that the Nazis looted the drawing or that it was otherwise taken from Grunbaum." Our reading of the record suggests that there may be such evidence, and that the district judge, by applying Swiss law, erred in placing the burden of proof on the Grunbaum heirs in this regard.... [If] the district judge determines that Vavra and Fischer have made a threshold showing that they have an arguable claim to the drawing, New York law places the burden on Bakalar, the current possessor, to prove that the drawing was not stolen. Moreover, should the district judge conclude that the Grunbaum heirs are entitled to prevail on the issue of the validity of Bakalar's title to the drawing, the district judge should also address the issue of laches.

*Bakalar*, 619 F.3d at 147. The Second Circuit remanded the case for "further proceedings, including, if necessary, a new trial" but did not address Defendants' argument that Petropoulos was excluded improperly. *Bakalar*, 619 F.3d at 147.

## DISCUSSION

### I. *Legal Standard*

 "The decision whether to hear additional evidence on remand is within the sound discretion of the trial court judge." *Int'l Star Class Yacht Racing*

*Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 73 (2d Cir.1998); *see also Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460 (1943) (decision to hear additional evidence within the discretion of the District Court where it improperly interpreted and applied the controlling law in the case but did not restrict the introduction of relevant evidence). Moreover, "an appellate court's failure to specify that further evidence should be taken on remand [can], at most, be construed as leaving a decision on the need to reopen the record to the sound discretion of the trial court." *Springs Mills, Inc. v. Ultracashmere House, Ltd.*, 724 F.2d 352, 355 (2d Cir.1983) (parenthetically quoting *Skehan v. Bd. of Trustees of Bloomsburg State Coll.*, 590 F.2d 470, 478 (3d Cir.1978)).

## II. *The Mandate*

■ Defendants assert that by including numerous footnotes referencing scholarly historical works, the Court of Appeals "took judicial notice of facts outside the record" and implicitly instructed this Court to hear additional evidence. (Def.'s Mem. 6.) But the plain language of the mandate states otherwise. The Court of Appeals directed that the case be remanded for "further proceedings, including, *if necessary*, a new trial." *Bakalar*, 619 F.3d at 147 (emphasis added.) This language is permissive, not compulsory. Although it leaves open the possibility of further discovery, it does not require it. Because the Court of Appeals was silent as to whether additional evidence should be taken on remand, that determination is left to the sound discretion of this Court.

## III. *Defendants' Motion to Reopen Discovery*

■ In deciding whether to reopen discovery, courts consider whether good cause exists. *See Gray v. Town of Darien*, 927 F.2d 69 (2d Cir.1991) ("[I]n light of

plaintiffs' ... failure to show good cause for a reopening or extension of [the discovery] order, we cannot say that the district court abused its discretion in cutting off discovery and in later denying plaintiffs' motion to reopen it."). A significant consideration is whether there has already been adequate opportunity for discovery. *See Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506 (2d Cir.1989). Courts also consider (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the nonmoving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *Smith v. United States*, 834 F.2d 166 (10th Cir.1987); *see also Vineberg v. Bissonnette*, 548 F.3d 50, 55 (1st Cir.2008); *Jeannite v. City of N.Y. Dept. of Buildings*, 09 Civ. 3464(DAB)(KNF), 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010); *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, 05 Civ. 776(DRH)(AKT), 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008).

■ Defendants contend that Petropoulos's testimony is relevant to the interpretation of Nazi-era documents, including concentration camp records, Jewish property declarations, and the power of attorney executed by Fritz Grunbaum in Dachau. However, these documents were available to Defendants before fact discovery closed in May 2007. Thus, any need for an expert to interpret those documents should have been obvious at that time— regardless of any new evidence that might have been discovered in October 2007.

Similarly, although Vavra and Fischer contend that Kostohryz's testimony is needed to rebut Bakalar's laches defense,

they were informed of this defense at the outset of the litigation. (*See* Complaint dated Mar. 21, 2005, ¶ 14.) Thus, any need for Kostohryz's report should likewise have been obvious well before May 2007. Yet Defendants did not take any steps to make expert disclosures for Petropoulos and Kostohryz until November 21, 2007 and September 28, 2007, respectively.

While Defendants had ample opportunity to support their claims with expert testimony, they failed to exercise diligence in obtaining discovery within the parameters established by this Court. *Cf. Wills v. Amerada Hess Corp.,* 379 F.3d 32, 51 (2d Cir.2004) (district court did not abuse its discretion in precluding expert opinions as untimely where plaintiff had "ample opportunity to identify experts and submit expert reports in a timely fashion"). Moreover, allowing new testimony would prejudice Bakalar, increase the already-substantial litigation costs, and further delay resolution of this litigation, now almost six years old. *See Design Strategies, Inc. v. Davis,* 367 F.Supp.2d 630, 648 (S.D.N.Y. 2005) ("To reopen discovery to address a new subject and to require Defendants to investigate [the expert's] qualifications . . . at this late date would prejudice Defendants and unduly delay a final resolution of this matter."). Finally, the probative value of the expert evidence is far outweighed by Defendants' lack of diligence and the resulting prejudice to Plaintiff. Accordingly, Defendants' motion to reopen expert discovery is denied.

### CONCLUSION

For the foregoing reasons, Defendants Milos Vavra and Leon Fischer's motion to reopen expert discovery is denied.

SO ORDERED.