11-4042-cv
Bakalar v. Vavra

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of October, two thousand twelve.

PRESENT: DENNIS JACOBS,
                        Chief Judge,
            ROBERT D. SACK,
                        Circuit Judge,
            JOHN GLEESON,
                        District Judge.*

- - - - - - - - - - - - - - - - - - - -X
DAVID BAKALAR,
        Plaintiff-Counter-Defendant-
        Third-Party-Defendant-
        Appellee,

        -v.-                                              11-4042-cv

MILOS VAVRA, LEON FISCHER,
        Defendants-Counter-
        Claimants-Appellants.
- - - - - - - - - - - - - - - - - - - -X

---

* The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

1

**FOR APPELLANT:**                    Raymond J. Dowd, Luke McGrath,
                                     Thomas V. Marino, Dunnington,
                                     Bartholow & Miller LLP, New
                                     York, NY.


**FOR APPELLEES:**                   William L. Charron, Pryor
                                     Cashman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley III, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

This is an ownership dispute concerning a 1917 drawing by Egon Schiele (the "Drawing"), between David Bakalar, who seeks a declaration that he owns it by purchase from a dealer, and Milos Vavra and Leon Fischer, who are heirs of Austrian cabaret performer, Fritz Grunbaum, who owned it before he was murdered by the Nazis in 1941. The United States District Court for the Southern District of New York (Pauley III, <u>J.</u>) awarded judgment to Bakalar on the basis of laches. <u>Bakalar v. Vavra</u>, 819 F. Supp.2d 293, 307 (S.D.N.Y. 2011). "Following a bench trial, we set aside findings of fact only when they are clearly erroneous . . . . However, we review <u>de novo</u> the district court's conclusions of law and its resolution of mixed questions of law and fact." <u>Phansalkar v. Andersen Weinroth & Co., L.P.</u>, 344 F.3d 184, 199 (2d Cir. 2003) (citations omitted). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** In a title action under New York law, a good faith purchaser of an artwork has the burden of proving that the work was not stolen. <u>Bakalar v. Vavra</u>, 619 F.3d 136, 147 (2d Cir. 2010) (citing <u>Solomon R. Guggenheim Found. v. Lubell</u>, 77 N.Y.2d 311, 321 (1991)). Here, the district court found that the Drawing was not looted by the Nazis. <u>Bakalar</u>, 819 F. Supp. 2d at 298-99. Vavra and Fischer argue that the district court's finding is clearly erroneous and that the Nazis stole the Drawing. However, Bakalar traced

2

the provenance back to Mathilde Lukacs, Grunbaum's sister-in-law, who sold it to a gallery in 1956. Vavra and Fischer's hypothesis--that the Nazis stole the Drawing from Grunbaum only to subsequently return or sell it to his Jewish sister-in-law--does not come close to showing that the district court's finding was clearly erroneous.

After finding that the Drawing was not stolen by the Nazis, the district court extended its <u>Lubell</u> analysis by requiring Bakalar to show that Lukacs acquired proper title in the Drawing, and found that he could not. <u>Bakalar</u>, 819 F. Supp. 2d at 299-302. We do not decide whether Bakalar discharged his burden under <u>Lubell</u> by tracing the provenance back to Lukacs, who was a close relative of Grunbaum (she was sister to Mrs. Grunbaum, who survived Grunbaum before herself being murdered by the Nazis). The point was not pressed by Bakalar, and we affirm instead on the district court's ruling that the claim against Bakalar is defeated by laches.

This Court previously recognized that Bakalar could assert a laches defense under New York law. <u>See Bakalar</u>, 619 F.3d at 147. In order to prevail on laches, Bakalar had to show that "(1) [Vavra and Fischer] were aware of their claim [to the Drawing], (2) they inexcusably delayed in taking action, and (3) Bakalar was prejudiced as a result." <u>Bakalar</u>, 819 F. Supp. 2d at 303 (citing <u>Ikelionwu v. United States</u>, 150 F.3d 233, 237 (2d Cir. 1998)). The district court found that Vavra and Fischer's "ancestors were aware of--or should have been aware of--their potential intestate rights to Grunbaum property," and that the ancestors "were not diligent in pursuing their claims to the Drawing." <u>Id</u>. at 305-06.

Vavra and Fischer contend that the district court committed two errors of law bearing on the laches defense. First, they argue that the court erroneously "imputed knowledge of 'potential intestate rights' to [Vavra and Fischer] based upon previous actions or inactions of other family members." But it was obviously necessary for the court to do just that; the alternative was to reset the clock for each successive generation. <u>See Bakalar</u>, 819 F. Supp. 2d at 303 ("This inquiry focuses not only on efforts by the party to the action, but also on efforts by the

party's family.") (internal quotation omitted).  Second, Vavra and Fischer argue that their families had no legal duty of diligence until they knew of the actual *location* of the Drawing.  They rely on language in Lubell declining to "impose the additional duty of diligence before the true owner has reason to know where its missing chattel is to be found."  77 N.Y.2d at 320.  However, though "[l]ack of diligence in locating the property" is not a consideration for a statute of limitations analysis, it is absolutely relevant "with respect to a laches defense."  SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 182 (2d Cir. 2000) (citing Lubell, 77 N.Y.2d at 321).

Vavra and Fischer's factual arguments are no more persuasive.  Their theories about what their ancestors knew (or didn't know) are speculative, and we do not have a "'definite and firm conviction that a mistake has been committed.'"  Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd., 190 F.3d 64, 67-68 (2d Cir. 1999) (quoting Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)).

Next, Vavra and Fischer contest whether Bakalar was prejudiced by their ancestors' delay in pursuing the Drawing.  There can be no serious dispute that the deaths of family members--Lukacs and others of her generation, and the next--have deprived Bakalar of key witnesses.  See Sanchez v. Trustees of the Univ. of Pa., 2005 WL 94847, *3 (S.D.N.Y. Jan. 18, 2004) (noting that the death of potential witnesses is prejudicial) (citing Solomon R. Guggenheim Found. V. Lubell, 153 A.D.2d 143, 149 (1st Dep't 1990)).  And while a "defendant's vigilance is as much in issue as [a] plaintiff's diligence," Lubell, 153 A.D.2d at 152, Vavra and Fischer's speculation has not established clear error in the district court's finding that Bakalar, a good faith purchaser, was prejudiced by the delay.  See Bakalar, 819 F. Supp. 2d at 306-07.

In sum, there is no clear error in the findings that Vavra and Fischer's ancestors knew or should have known of a potential claim to the Drawing, that they took no action in pursuing it, and that Bakalar was prejudiced in this litigation as a result of that delay.  It was therefore sound to recognize Bakalar's title on the basis of his laches defense.

**[2]** Citing little authority, Vavra and Fischer argue that the district court should have permitted them to supplement the record with additional expert testimony on remand.  They misconstrue this Court's remand instruction that the district court *could* reopen discovery to mean that it was required to do so.  <u>See Bakalar</u>, 619 F.3d at 147 ("[W]e vacate the judgment of the district court and remand the case for further proceedings, including, *if necessary*, a new trial.") (emphasis added).  <u>See also Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.</u>, 146 F.3d 66, 73 (2d Cir. 1998) ("The decision whether to hear additional evidence on remand is within the sound discretion of the trial court judge.").  The district court granted a six month extension for expert discovery before trial, but Vavra and Fischer failed to meet the revised deadline.  <u>See Bakalar v. Vavra</u>, 851 F. Supp. 2d 489, at 491-92 (S.D.N.Y. 2011).  The district court did not abuse its discretion in abiding by its discovery calendar, especially in light of its generous extension.

Finding no merit in Vavra and Fischer's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK