# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**840**

**CA 14-02027**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

MICHAEL J. CARLSON, SR., INDIVIDUALLY AND
AS ADMINISTRATOR OF THE ESTATE OF CLAUDIA
D'AGOSTINO CARLSON, AND AS ASSIGNEE OF
WILLIAM PORTER,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

AMERICAN INTERNATIONAL GROUP, INC.,
AIG DOMESTIC CLAIMS, INC., AMERICAN
ALTERNATIVE INSURANCE CO., NATIONAL UNION
FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
DEFENDANTS-APPELLANTS-RESPONDENTS,
AND DHL EXPRESS (USA), INC., FORMERLY KNOWN AS
DHL WORLDWIDE EXPRESS, INC., DEFENDANT-RESPONDENT.

---

HODGSON RUSS LLP, BUFFALO (KEVIN D. SZCZEPANSKI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS AMERICAN INTERNATIONAL GROUP, INC.,
AIG DOMESTIC CLAIMS, INC. AND NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA.

RUBIN, FIORELLA & FRIEDMAN LLP, NEW YORK CITY (PAUL KOVNER OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT AMERICAN ALTERNATIVE
INSURANCE CO.

BROWN CHIARI LLP, LANCASTER, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO
(EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, NEW YORK CITY (PATRICK J.
LAWLESS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeals and cross appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered June 25, 2014. The order, among other things, denied in part the motion of defendants American International Group, Inc., AIG Domestic Claims, Inc., and National Union Fire Insurance Company of Pittsburgh, PA, and the cross motion of defendant American Alternative Insurance Co., to dismiss plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion and cross motion in their entirety and dismissing the complaint, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action pursuant to Insurance Law § 3420 (a) (2) to collect on certain insurance policies after a second amended judgment against MVP Delivery and Logistics, Inc. (MVP) and William Porter was entered upon a jury verdict (*see Carlson v Porter* [appeal No. 2], 53 AD3d 1129, *lv denied* 11 NY3d 708). DHL Worldwide Express, Inc., doing business as DHL Express (DHL), had a cartage agreement with MVP, whereby MVP provided delivery services for DHL.  In the underlying wrongful death action, the jury determined that Porter was negligent in causing the motor vehicle accident that led to the death of plaintiff's decedent, and MVP was statutorily liable for Porter's negligence as the owner of the vehicle driven by Porter (*see Carlson*, 53 AD3d at 1133).  Plaintiff recovered from MVP's insurer and now seeks to recover under a primary and umbrella policy issued to DHL by defendant National Union Fire Insurance Company of Pittsburgh, PA (National Union), and under an umbrella policy issued to DHL by defendant American Alternative Insurance Co. (AAIC). Defendants American International Group, Inc., and AIG Domestic Claims, Inc. (collectively, AIG), together with National Union, moved to dismiss the complaint against them, and AAIC cross-moved to dismiss the complaint against it (collectively, defendants).

Defendants moved and cross-moved, respectively, to dismiss the complaint based on both a failure to state a cause of action (CPLR 3211 [a] [7]), and a defense based upon documentary evidence (CPLR 3211 [a] [1]).  Supreme Court granted in part the motion and cross motion.  As a preliminary matter, we note that, "[o]n a motion to dismiss under CPLR 3211, the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff is to be afforded every favorable inference" (*Simkin v Blank*, 19 NY3d 46, 52).  We further note that "[d]ismissal under CPLR 3211 (a) (1) is warranted 'only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law' " (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152, quoting *Leon v Martinez*, 84 NY2d 83, 88).

We agree with defendants that the court erred in denying that part of their motion and cross motion seeking to dismiss the first cause of action, which was asserted pursuant to Insurance Law § 3420 (a) (2), and we therefore modify the order accordingly.  As we concluded in a companion appeal, plaintiff may not maintain a section 3420 (a) (2) action against AAIC inasmuch as AAIC did not issue or deliver an insurance policy in this state (*Carlson v American Intl. Group, Inc.*, ___ AD3d ___ [July 2, 2015]).  We also agree with AIG that the first cause of action should be dismissed against them because they established that they are not insurers.  In the alternative, and with respect to National Union, we conclude that plaintiff may not maintain a section 3420 (a) (2) action against defendants.  The primary National Union policy defined an insured as, inter alia, "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow."  The umbrella National Union policy defined an insured as, inter alia, "[a]ny person . . . or organization with respect to any **auto** owned by you, loaned to you or hired by you or on your be half [*sic*] and used with your permission."  The umbrella

AAIC policy defined an insured as, inter alia, "any person or organization . . . included as an **insured** in the Scheduled Underlying Insurance," i.e., in the National Union primary policy.  Thus, MVP and Porter may be an "insured" under the three policies only if the vehicle used by Porter at the time of the accident was "hired" by DHL and was being used with DHL's permission.

We agree with defendants that in order for the MVP vehicle driven by Porter to be deemed a vehicle "hired" by DHL, there must be a showing that DHL exercised control over the vehicle, and not general control over MVP (*see* 8A Couch on Insurance, §§ 118:48, 118:49 [3d ed 2014]).  "Generally, a vehicle owned by an independent contractor who contracts with the insured to perform services for the insured is not a hired automobile . . . [T]he contract between the insured and the independent contractor in those situations is generally for the *services* of the subcontractor, not the *vehicle* used in providing the services" (*id.*, § 118:52 [emphasis added]).  In *Dairylea Coop. v Rossal* (64 NY2d 1, 7), an independent contractor was hired to transport milk.  The Court held that the tanker truck was not a hired automobile where "the tank farm milk hauling contract . . . called for transportation of milk by . . . an independent contractor rather than use of a particular tanker in the rendition of such service" (*id.* at 10-11; *see Federal Ins. Co. v Ryder Truck Rental*, 189 AD2d 582, 584, *affd* 82 NY2d 909, *rearg denied* 83 NY2d 830; *see also U.S. Fid. & Guar. Co. v Heritage Mut. Ins. Co.*, 230 F3d 331, 334-335; *Toops v Gulf Coast Mar. Inc.*, 72 F3d 483, 487-488; *Chicago Ins. Co. v Farm Bur. Mut. Ins. Co. of Arkansas, Inc.*, 929 F2d 372, 373-374; *American Cas. Co. of Reading, Pa. v Denmark Foods*, 224 F2d 461, 463).  General supervision is not enough (*see U.S. Fid. & Guar. Co.*, 230 F3d at 335).  There is a "distinction between hiring a company that provides transportation and hiring a truck" (*Toops*, 72 F3d at 487).

We conclude that the cartage agreement does not show that DHL had sufficient control over the MVP vehicle in order for it to be deemed a "hired" automobile.  Rather, it showed that DHL hired MVP as an independent contractor to provide delivery services.  It provided that MVP "shall have the sole right to determine all aspects of its performance of its obligations under this Agreement, including the staffing, operation, and routing of the [MVP] Vehicles in the Service Areas."  MVP was responsible for registering, insuring, fueling, and bearing all other costs and fees relating to the vehicles.  The fact that DHL required the MVP vehicles to have a certain appearance does not, in our view, show the requisite control over the vehicle within the meaning of a "hired" automobile.  "The [vehicle] was not hired by [DHL] and was not being used at the time of the accident by an employee of [DHL] in its business or in its behalf, but was being used by an employee of [MVP] under an independent contract" (*American Cas. Co. of Reading, Pa.*, 224 F2d at 463).  Moreover, inasmuch as DHL did not have control over the MVP vehicle, "it cannot be said in any realistic sense that . . . [DHL] could grant [MVP] permission to use it" (*Dairylea Coop.*, 64 NY2d at 10).

We further agree with defendants that the court erred in denying

that part of their motion and cross motion seeking to dismiss the fourth cause of action, alleging a violation of General Business Law § 349, and we therefore further modify the order accordingly.  The allegations in the complaint show that this is a " 'private' contract dispute over policy coverage and the processing of a claim which is unique to these parties" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 321; *see Shou Fong Tam v Metropolitan Life Ins. Co.*, 79 AD3d 484, 486; *Cooper v New York Cent. Mut. Fire Ins. Co.*, 72 AD3d 1556, 1557-1558).  In light of our determination, we conclude that plaintiff's cross appeal, which seeks reinstatement of the misrepresentation and bad faith causes of action, is without merit.

Entered:  July 2, 2015                                    Frances E. Cafarell
                                                          Clerk of the Court