■ TIMOTHY REIF et al., Respondents, v RICHARD NAGY et al., Appellants, et al., Defendants. TIMOTHY REIF et al., Respondents, v RICHARD NAGY et al., Defendants. ARIS TITLE INSURANCE CORPORATION, Proposed Intervenor-Appellant. [52 NYS3d 100]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about September 13, 2016, which denied the motion of defendants Richard Nagy and Richard Nagy Ltd. (collectively Nagy) to dismiss the complaint, unanimously modified, on the law, to dismiss plaintiffs' claim pursuant to General Business Law § 349, and otherwise affirmed, without costs.

Order, same court and Justice, entered September 14, 2016, which denied the motion of ARIS Title insurance Company (ARIS) to intervene pursuant to CPLR 1012 and/or CPLR 1013, unanimously affirmed, without costs.

This action arises from two pieces by the artist Egon Schiele alleged to have been looted by the Nazis during World War II from cabaret artist Fritz Grunbaum, who, along with his wife Elisabeth, was executed during the Holocaust. The pieces came into the possession of art dealer Nagy sometime after 2013.

In 2005, David Bakalar, a Massachusetts industrialist turned sculptor, brought suit against the heirs of Grunbaum seeking, inter alia, a declaration that he was the rightful owner of the Schiele work "Seated Woman," a piece he had owned for over 40 years (*Bakalar v Vavra*, 851 F Supp 2d 489 [SD NY 2011]; *Bakalar v Vavra*, 819 F Supp 2d 293 [SD NY 2011], *affd* 500 Fed Appx 6 [2d Cir 2012]). Nagy's contention that the dismissal in *Bakalar*, which was based upon application of the doctrine of laches, collaterally estops plaintiffs from pursuing their claims to two other Schiele pieces, "Woman in a Black Pinafore" and "Woman Hiding Her Face," is misplaced. Collateral estoppel requires the issue to be identical to that determined in the prior proceeding, and requires that the litigant had a full and fair opportunity to litigate the issue (*see Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65 [1969]). Neither of those requirements has been shown here where the purchaser, the pieces, and the time over which the pieces were held differ significantly. The three works are not part of a collection unified in legal interest such to impute the status of one to another (*compare Poindexter v Cash Money Records*, 2014 WL 818955, 2014 US Dist LEXIS 26985 [SD NY, Feb. 25, 2014, No. 13 Civ 1155]; *Poindexter v EMI Record Group Inc.*, 2012 WL 1027639, 2012 US Dist LEXIS 42174 [SD NY, Mar. 27, 2012, No. 11 Civ 559 (LTS)(JLC)]).

Plaintiffs' General Business Law § 349 claim, however, should be dismissed for failure to state a cause of action. The transaction at issue here, a single attempted transaction, to which plaintiffs were not a party but an alleged "competitor," is not the type of consumer-oriented harm contemplated by the statute (*see Shou Fong Tam v Metropolitan Life Ins. Co.*, 79 AD3d 484 [1st Dept 2010]).

The court correctly denied ARIS intervenor status. While intervention is liberally granted, ARIS's interest as the title insurer to "Woman Hiding Her Face" is purely derivative, no different from that of any insurer. And since it is entitled to approve of counsel selected by Nagy, with whom its interests are

aligned, its position is well protected (*compare Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC*, 77 AD3d 197, 201 [1st Dept 2010]).

Lastly, plaintiffs' motion to dismiss the appeals based upon the Holocaust Expropriated Art Recovery Act (HEAR) is moot in light of this Court's finding that the motion court's order denying collateral estoppel should be affirmed. The issue of whether HEAR would apply to bar Nagy's defense of laches in its entirety is not before this Court, having not been decided by the motion court.

We have considered the parties' remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Manzanet-Daniels, JJ.

Motion to dismiss appeals and for related relief denied as moot.

Motion for permission to file amicus curiae brief denied.