■ In the Matter of BERTRAM M. KAY, Respondent, *v.* BARBARA K. ARN, Appellant.— Order entered December 5, 1967, herein appealed from, unanimously reversed, on the law, without costs or disbursements, and the matter remanded for a hearing to determine the domicile of appellant. The parties were formerly husband and wife. Since their divorce by decree of a Mexican court both have remarried and the children of the marriage are now with appellant who is presently living in Brussels, Belgium with her husband. Respondent was aware, prior to their departure, that such trip was contemplated and apparently made no legal effort to prevent the voyage. At the time this proceeding was commenced the children and appellant were without the State and living in Belgium. Upon these facts mere service by mail upon appellant, and personal service upon her attorneys pursuant to CPLR 403 (subd. [d]), without more, will not serve to confer jurisdiction upon the court. There is no concession of domicile here as in the *Kades* case (*Matter of Kades* v. *Kades,* 23 Misc 2d 222, affd. 10 A D 2d 919), nor is appellant physically within the jurisdiction (*Matter of Horowitz* v. *Huttler,* 39 Misc 2d 11) so that a court might enforce its command directed to her even though the children are without the State (*May* v. *May,* 233 App. Div. 519). To support jurisdiction in the case before us it must be shown that appellant maintained a domicile within the jurisdiction at the time of the commencement of the action. In our view the request should have been granted for a continuance of the hearing, or an adjournment for a short time in order to present material bearing on the issue. Concur — Botein, P. J., Stevens, Capozzoli, Tilzer and McNally, JJ.

■ ALICE BEAUCHAMP et al., Appellants, *v.* MARLBOROUGH-GERSON GALLERY, INC., Respondent.— Order entered August 7, 1967, unanimously modified, on the facts and the law and as a matter of discretion, without costs or disbursements to any party, and examinations directed to be held in the manner and in the order specified in the following memorandum. There are two plaintiffs, Lambert and Beauchamp. Lambert is a resident of this county and presently available. His examination shall proceed at the convenience of the parties at a time to be fixed in the order. Beauchamp is an elderly and infirm lady presently residing in New South Wales, Australia. Whether she will appear to testify at the trial is doubtful. Defendant may elect to examine her in Australia either on written interrogatories or on open commission at its option. If defendant elects to examine on open commission, each side will bear its own expenses and the same can be taxed as costs. If said plaintiff is examined on interrogatories and if she does come here for the trial, plaintiff shall notify defendant and defendant may examine Beauchamp five days before the trial. The provisions for the examination of Beauchamp as to time of examination by any method shall be independent of the provisions for examination of any other party in that said examination may be concurrent with any other examination herein ordered, and no other examination herein ordered shall await the conclusion of that examination. Upon the conclusion of Lambert's examination, plaintiff may proceed to examine defendant through an appropriate officer. Settle order on notice. Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Rabin, JJ.