■ ALBERT F. VANDELLI, Respondent, v ELISABETH S. VANDELLI, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from a judgment of the Supreme Court, Suffolk County (Leis, J.), entered August 21, 1990, which granted the plaintiff husband a divorce and distributed the marital property following an inquest held after her answer had been stricken pursuant to CPLR 3126.

Ordered that the judgment is affirmed, with costs.

Although "[t]he penalty of striking a pleading for failure to comply with an order of disclosure (CPLR 3126 [3]) is an extreme one" (Delaney v Automated Bread Corp., 110 AD2d 677, 678), the trial court did not improvidently exercise its discretion in striking the defendant wife's answer in the instant case. The defendant wife and her attorney demon-

strated a pattern of continuing delay and neglect. Despite repeated demands by the plaintiff husband, motion practice, court orders, and conferencing with the court over a two-year period, the defendant wife failed to provide a net worth statement and failed to provide any reasonable excuse for her continued delay. Under the circumstances, therefore, it was appropriate for the court to grant the plaintiff husband relief under CPLR 3126 (see, Berman v Szpilzinger, 180 AD2d 612; Schneider v Barash, 170 AD2d 319; Fucci v Fucci, 166 AD2d 551).

Although the record is sparse, we find that there was sufficient evidence adduced at the inquest to support the court's award of marital property. Furthermore, at the conclusion of the inquest, the court set forth and discussed the statutory factors that it had considered in distributing the marital property. Accordingly, the court's award shall not be disturbed (see, Otto v Otto, 150 AD2d 57). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.