■ MAIK NAUKA et al., Respondents, v PLENUM PUBLISHING CORPORATION, Appellant. [698 NYS2d 32] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 7, 1999, which vacated certain notices to take depositions of witnesses sought to be deposed by defendant, directed defendant to pay the travel expenses attributable to conducting depositions of three Maik Nauka employees, and denied defendant's request for a 60-day adjournment, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of permitting the depositions of Alexander Shustorovich and Dr. Rem Petrov, adjourning the trial pending completion of same, and vacating that part of the order directing defendant to pay the travel expenses of the three Maik Nauka employees, and otherwise affirmed, without costs.

The IAS Court properly exercised its broad discretion in the supervision of discovery by vacating the notices to take depositions of the President of plaintiff Russian Academy of Sciences and three of its directors since the information sought was not in dispute and was readily obtainable from other deponents (*see, Colicchio v City of New York*, 181 AD2d 528).

The notices to take depositions of Alexander Shustorovich and Dr. Rem Petrov, both of whom were previously deposed, were improperly vacated because, more than a year following their depositions, plaintiffs produced extensive documentation,

much of it relating to the issue of damages, and the deponents may be re-examined on the basis of those documents (*see, Colicchio v City of New York, supra,* at 529).

The IAS Court abused its discretion by directing defendant to pay the travel expenses incurred by plaintiff Maik Nauka's employees in attending their New York depositions. Plaintiff, having chosen New York as the forum in which to press its claims, and having failed to make any showing that the conduct of depositions in New York would cause it or its employees undue hardship, was not entitled to have the expense of its employees' attendance at the depositions shifted to defendant (*see, Farrakhan v N.Y.P. Holdings,* 226 AD2d 133, 135).

We have considered defendant's remaining contentions and find them unavailing. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Wallach and Friedman, JJ.