■ SINUE S. RODRIGUEZ et al., Appellants, v INFINITY INSURANCE COMPANY et al., Respondents. [723 NYS2d 741] —Appeal with respect to plaintiff Ramon Moreno unanimously dismissed and order modified as a matter of discretion in the interest of justice and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs, Mexican seasonal farm workers, commenced this action seeking damages from the individual defendants for personal injuries that they sustained when the motor vehicle in which they were passengers overturned. In addition, plaintiffs seek damages from defendant insurer for breach of contract, based on its failure to pay no-fault benefits. Plaintiffs left the State within a few months after the accident and, when defendants demanded that they appear for depositions in Orleans County on January 28, 2000, plaintiffs moved for a protective order. Plaintiffs requested telephonic depositions, written interrogatories or depositions within one week of trial, to avoid unnecessary hardship or expense. Defendants cross-moved for an order directing plaintiffs to appear for depositions in New York on or before December 2, 2000. Supreme Court denied the motion and granted the cross motion.

We note at the outset that defendants deposed plaintiff Ramon Moreno upon his return to New York for seasonal farm labor, and thus this appeal is moot with respect to Moreno.

With respect to the remaining plaintiffs, "[a]s a general rule, a non-resident plaintiff who has invoked the jurisdiction of New York State by bringing suit in its courts must stand ready to be deposed in New York unless it is shown that undue hardship would result" (*Farrakhan v N. Y. P. Holdings*, 226 AD2d 133, 135-136; *see also,* CPLR 3110 [1]). Here, plaintiffs' submissions in support of the motion, i.e., the pleadings and an attorney's affidavit containing only conclusory allegations of hardship, failed to establish that traveling to New York for depositions would result in undue hardship to plaintiffs. Consequently, the court did not abuse its discretion in denying the motion (*see, Boylin v Eagle Telephonics*, 130 AD2d 538). We modify the order, however, as a matter of discretion in the interest of justice by substituting December 31, 2001 as the date by which plaintiffs, with the exception of Moreno, are directed to make themselves available for depositions in Orleans County. (Appeal from Order of Supreme Court, Orleans County, Notaro, J.—Discovery.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.