In the Matter of the Estate of ROSE F. ALBARINO, Deceased. ROBERT ALBARINO, Respondent; ROXANNE KELLY, Appellant. [810 NYS2d 352]—

In a proceeding for a judicial accounting, the objectant appeals from (1) an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated August 19, 2004, which denied her motion for a protective order to permit her to be deposed in a court-ordered deposition by telephone from her home in Florida, (2) an order of the same court dated December 29, 2004, which denied her motion, in effect, for leave to renew, and (3) an order of the same court also dated December 29, 2004, which granted the respondent's motion to dismiss her objections to the accounting unless she appeared for deposition.

Ordered that the appeal from the order dated December 29, 2004 denying the motion, in effect, for leave to renew, is dismissed as abandoned; and it is further,

Ordered that the order dated August 19, 2004 and the order dated December 29, 2004 dismissing the objections are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent payable by the appellant pro se.

The appellant failed to demonstrate undue hardship to justify a protective order to permit her to be deposed in a court-ordered deposition by telephone from her home in Florida (*see Rodriguez v Infinity Ins. Co.*, 283 AD2d 969, 970 [2001]; *Farrakhan v N.Y.P. Holdings*, 226 AD2d 133, 136 [1996]; *cf. Rogovin v Rogovin*, 3 AD3d 352, 353 [2004]; *Hoffman v Kraus*, 260 AD2d 435, 437 [1999]).

The Surrogate's Court's dismissal of the appellant's objec-

tions unless she complied with court-ordered discovery was a proper exercise of its discretion (*see Frias v Fortini,* 240 AD2d 467 [1997]; *Vandelli v Vandelli,* 189 AD2d 871, 872 [1993]). Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.