■ MAUREEN WYGOCKI, Respondent, v THE MILFORD PLAZA HOTEL, Appellant. [831 NYS2d 381]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered August 21, 2006, which, in an action for personal injuries allegedly sustained on defendant's premises, insofar as appealed from as limited by the briefs, denied defendant's motion to preclude plaintiff from offering evidence at trial, and granted plaintiff's cross motion to have her deposition taken on written questions pursuant to CPLR 3108 to the extent of directing that plaintiff be deposed either on written questions or open commission, or by telephone or video, at defendant's choice, and directed plaintiff, if demanded by defendant, to submit to an independent medical examination and examination before trial in New York at least 30 days before trial, unanimously affirmed, without costs.

Plaintiff, 76 years old and a resident of Northern Ireland, submitted a sworn letter from her doctor identifying her many physical ailments, most preexisting the subject accident, and advising that traveling to New York could cause plaintiff "further serious problems." Based on this letter, the motion court correctly found that a deposition in New York would be an undue hardship for plaintiff, warranting an exception to the general rule that a nonresident who brings suit in New York must stand ready to be deposed in New York (*see Farrakhan v N.Y.P. Holdings*, 226 AD2d 133, 135-136 [1996]). The motion court appropriately gave defendant a number of alternatives to an in-person deposition, and avoided any undue prejudice to defendant by preserving its right to examine plaintiff orally and medically at least 30 days before trial (*see Fusfeld v Novogroder*,

97 AD2d 729 [1983]; *Beauchamp v Marlborough-Gerson Gallery*, 29 AD2d 937 [1968]). Concur—Tom, J.P., Sullivan, Williams, Buckley and Kavanagh, JJ.