■ DANIEL LaRUSSO et al., Appellants, v BROOKSTONE, INC., Respondent, and SALVATORE RIZZO, Appellant. [860 NYS2d 179]—

In an action to recover damages for personal injuries, etc., the defendant Salvatore Rizzo appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated April 18, 2007, which granted the motion of the defendant Brookstone, Inc., for a protective order pursuant to CPLR 3103, and the plaintiffs separately appeal from the same order.

Ordered that the appeal by the plaintiffs is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed, on the law and the facts, and the motion by the defendant Brookstone, Inc., for a protective order is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant Salvatore Rizzo payable by the defendant Brookstone, Inc.

Generally, when a party to the action is to be deposed, the deposition should take place "within the county . . . where the action is pending" (CPLR 3110 [1]). An exception to this rule is where a party demonstrates that examination in that county would cause "undue hardship" (Rodriguez v Infinity Ins. Co., 283 AD2d 969, 970 [2001]; Farrakhan v N.Y.P. Holdings, 226 AD2d 133, 135 [1996]; cf. Rogovin v Rogovin, 3 AD3d 352 [2004]; Hoffman v Kraus, 260 AD2d 435, 437 [1999]). In this case, the defendant Brookstone, Inc., which is headquartered in Merrimack, New Hampshire, failed to demonstrate that the appearance for a deposition in Suffolk County constituted an undue hardship. Therefore, it was not entitled to a protective order. Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.