MICHELE LIPPA GARTNER et al., Respondents, v UNIFIED WINDOWS, DOORS AND SIDING, INC., Appellant, et al., Defendants. (Action No. 1.) MICHELE LIPPA GARTNER, Respondent, v CHRIS COLBERT et al., Defendants, and UNIFIED WINDOWS, DOORS AND SIDING, INC., Appellant. (Action No. 2.) [890 NYS2d 608]—

While depositions of the parties to an action are generally held in the county where the action is pending (see CPLR 3110 [1]), if a party demonstrates that conducting his or her deposition in that county would cause undue hardship, the Supreme Court can order the deposition to be held elsewhere (see LaRusso v Brookstone, Inc., 52 AD3d 576, 577 [2008]; Hoffman v Kraus, 260 AD2d 435, 437 [1999]). Here, the Supreme Court providently exercised its discretion in denying the appellant's motion to compel Dora Lillian Alvarado Hernandez, a plaintiff in action No. 1, and the infant children of David Leonard Coy-Sanchez and Elquin Astaiza Ceballos, the decedents in action Nos. 1 and 2, respectively, to appear in New York for depositions upon oral examination. The Supreme Court further providently exercised its discretion in granting the cross motion of the plaintiffs in action No. 1 to compel the appellant to take any deposition upon oral examination of Hernandez and Coy-Sanchez's infant son (hereinafter the infant son) in Colombia, or to take the depositions of those persons upon written questions, when it determined that the infant son and Hernandez, the wife of the decedent in action No. 1—who are the next of kin and the

real parties in interest—were unable to leave Colombia to travel to New York for deposition (*see Hoffman v Kraus*, 260 AD2d at 437). Given this undue hardship, it was appropriate for the Supreme Court to find that an exception to the rule articulated in CPLR 3110 (1) was warranted.

The Supreme Court proposed three viable, nonexclusive solutions to the appellant with respect to conducting the outstanding depositions of Hernandez and the infant son pursuant to CPLR 3108: (1) flying the appellant's New York counsel to Bogota, Colombia, to conduct the depositions upon oral examination at the United States Embassy in that city, with the travel costs and cost of translation to be borne by the plaintiffs in action No. 1, (2) retaining local counsel in Bogota to conduct the depositions upon oral examination at that location, and (3) conducting the depositions upon written questions. We note that, in addition, those depositions may also be conducted via videoconferencing pursuant to CPLR 3113 (d), with the deponents remaining at the United States Embassy in Bogota, Colombia (*see Rogovin v Rogovin*, 3 AD3d 352, 353 [2004]). If the appellant elects to pursue this option, the cost of such videoconferencing is to be borne by the plaintiffs in action No. 1 (*see* CPLR 3113 [d]).

The appellant's remaining contention is not properly before this Court, since it was raised for the first time on appeal in its reply brief (*see Huang v Sy*, 62 AD3d 660 [2009]). Eng, J.P., Belen, Austin and Roman, JJ., concur.