■ YU HUI CHEN, Appellant, v CHEN LI ZHI, Respondent. [916 NYS2d 525]—·

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated October 9, 2009, as, in effect, denied his cross motion for a protective order pursuant to CPLR 3103 (a) directing that his deposition be conducted by remote electronic means and stayed all proceedings in the action until he returns to the United States for his deposition.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the plaintiff's cross motion for a protective order pursuant to CPLR 3103 (a) directing that his deposition be conducted by remote electronic means is granted.

While depositions of parties to an action are generally held in the county where the action is pending (*see* CPLR 3110 [1]), if a party demonstrates that conducting his or her deposition in that county would cause undue hardship, the Supreme Court can order the deposition to be held elsewhere (*see Gartner v*

*Unified Windows, Doors & Siding, Inc.*, 68 AD3d 815 [2009]; *LaRusso v Brookstone, Inc.*, 52 AD3d 576, 577 [2008]). Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross motion for a protective order pursuant to CPLR 3103 (a) directing that his deposition be conducted by remote electronic means. The plaintiff demonstrated that traveling from China to the United States for his deposition would cause undue hardship (*see Gartner v Unified Windows, Doors & Siding, Inc.*, 68 AD3d at 815-816; *Wygocki v Milford Plaza Hotel*, 38 AD3d 237 [2007]; *Rogovin v Rogovin*, 3 AD3d 352, 353 [2004]; *Matter of Singh*, 22 Misc 3d 288 [2008]; *see also Hoffman v Kraus*, 260 AD2d 435, 437 [1999]; *cf. Matter of Albarino*, 27 AD3d 556 [2006]).

In light of our determination that the plaintiff's deposition may be conducted by remote electronic means, the Supreme Court improvidently exercised its discretion in staying all proceedings in the action until the plaintiff could return to the United States for his deposition. Covello, J.P., Eng, Chambers and Hall, JJ., concur.