(February 16, 2012)

1 ELI WEINSTEIN et al., Appellants, v MICHAEL GINDI, Respondent. [938 NYS2d 538]—

The motion court providently exercised its discretion in striking plaintiff Weinstein's pleading and dismissing his claims based on his willful refusal to appear for deposition in this action (CPLR 3126; *Fish & Richardson, P.C. v Schindler*, 75 AD3d 219, 220 [2010]). Weinstein commenced the action in New York County and was ordered to appear for deposition by August 5,

2009. Depositions of parties to an action are generally held in the county where the action is pending; if a party demonstrates that conducting his deposition in that county would cause undue hardship, the Supreme Court in its exercise of discretion can order the deposition to be held elsewhere (*Yu Hui Chen v Chen Li Zhi*, 81 AD3d 818, 818 [2011]; CPLR 3110).

Here, however, Weinstein was capable of coming to New York to be deposed without undue hardship. He simply refused to enter New York because a warrant for his arrest had been issued upon his contempt in an unrelated action. Thus, due to his self-imposed problems, Weinstein willfully disregarded the Court's order to appear in this State for deposition by August 5, 2009. The fact that Weinstein refused to enter New York because he feared being arrested does not establish a hardship warranting relocation of the deposition out of state, such as in *Yu Hui Chen* (81 AD3d at 819), where plaintiff established that traveling from China to the United States caused an undue hardship, and *Wygocki v Milford Plaza Hotel* (38 AD3d 237 [2007]), where the 76-year-old plaintiff, resident of Northern Ireland, submitted a sworn letter from her doctor identifying her many physical ailments and advising that traveling to New York could cause her further serious health problems.

The October 29, 2009 judgment awarding defendant damages on his counterclaims properly included an award of $1.5 million that was based on a loan defendant made to Weinstein. Defendant, who was the only witness at the inquest, testified that the loan was never repaid, and that although Weinstein had written him a letter in which he agreed to assign an interest in a company to satisfy the loan, the assignment was never effectuated.

Defendant is not entitled to judgment as a matter of law against plaintiff Pine Projects' because he failed to include his answer with his motion for summary judgment as required by statute (*see* CPLR 3212 [b]). It is well settled that the failure to attach all of the pleadings is a fatal procedural defect requiring denial of a motion for summary judgment (*see e.g. Hamilton v City of New York*, 262 AD2d 283 [1999]; *Krasner v Transcontinental Equities*, 64 AD2d 551 [1978]).

In any event, even assuming that defendant had otherwise met his prima facie burden on the motion, Pine Projects' opposition was sufficient to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). In particular, Simcha Shain, a 50% owner of Pine Projects, testified that Pine Projects routinely used nominees for its projects, that all of the properties in the complaint were owned by Pine

Projects, that defendant acted merely as nominee with respect to all of the properties in the complaint, including Pine Projects, and that Weinstein funded all of the projects. In addition, Shain's affidavit, submitted at the request of the court, was sufficient to rebut Weinstein's testimony and asset list submitted in another pending action.

Plaintiffs' argument that the motion court improperly denied their motion to renew and reargue the October 29, 2009 judgment is not properly before this Court as plaintiffs failed to file a notice of appeal relating to that judgment.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Moskowitz, Acosta and Richter, JJ.