The plaintiff commenced this action against various defendants to recover damages for personal injuries he allegedly sustained in an accident on December 16, 2007, while he was a passenger on a bus. The plaintiff appeared for a deposition held on June 9, 2010. The plaintiff’s deposition was not completed on that date and it was to be continued at a later time. Prior to the continuation of his deposition, the plaintiff, *976 who had been living in the United States since 2000 on his own while his wife and child remained in China, moved back to China, allegedly due to his inability to care for himself.
The defendants/third-party plaintiffs Jama M. Farah, Give Me the Freight, LLC, and Give Me the Freight, LLC, doing business as GTF, moved, and the third-party defendant, Green Line Trucking, Inc., separately moved, pursuant to CPLR 3126 to dismiss the complaint for the plaintiffs failure to appear for the continuation of his deposition or to appear for an independent medical examination, or, in the alternative, to compel the plaintiff to appear or preclude him from testifying as to damages at the time of trial. The plaintiff cross-moved, inter alia, pursuant to CPLR 3103 for a protective order directing that his deposition be conducted by remote electronic means and, in an amended notice of cross motion, for an order, among other things, pursuant to CPLR 3117 (a) (3) for leave to employ a video transcription of his deposition testimony at trial in lieu of appearing in person due to his inability to obtain a visa to enter the United States. The Supreme Court granted those branches of the motions which were to preclude the plaintiff from testifying at trial on the issue of damages to the extent of conditionally precluding him from testifying at trial unless he appeared within 30 days for a deposition and independent medical examination in New York or stipulated to pay for business class airfare and accommodations for the defendants’ attorneys and independent medical examination doctor to conduct the deposition and the independent medical examination in China. The Supreme Court also denied that branch of the plaintiff’s cross motion which was pursuant to CPLR 3103 for a protective order directing that his deposition be conducted by remote electronic means and, in effect, denied that branch of his amended cross motion which was pursuant to CPLR 3117 (a) (3) for leave to employ a video transcription of his deposition testimony at trial.
The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff’s cross motion which was pursuant to CPLR 3103 (a) for a protective order directing that his deposition be conducted by remote electronic means. “Generally, when a party to the action is to be deposed, the deposition should take place ‘within the county . . . where the action is pending’ ” (LaRusso v Brookstone, Inc., 52 AD3d 576, 577 [2008], quoting CPLR 3110 [1]). “An exception to this rule is where a party demonstrates that examination in that county would cause undue hardship” (LaRusso v Brookstone, Inc., 52 AD3d at 577 [internal quotation marks omitted]). Here, in *977 light of the evidence that the plaintiff’s applications for a visa to return to the United States had been denied, and the evidence establishing that he presently was ineligible to be admitted to the United States, the plaintiff demonstrated that traveling from China to the United States for his deposition or independent medical examination would cause undue hardship (see Yu Hui Chen v Chen Li Zhi, 81 AD3d 818, 819 [2011]).
Further, the Supreme Court erred in, in effect, denying that branch of the plaintiff’s amended cross motion which was pursuant to CPLR 3117 (a) (3) for leave to employ a video transcription of his deposition testimony at trial in lieu of appearing at trial to give testimony. The plaintiff met the criteria set forth in CPLR 3117 (a) (3) (ii), (iv) and (v) (cf. Gabriel v Johnston’s L.P. Gas Serv., Inc., 98 AD3d 168, 178-179 [2012], amended 104 AD3d 1262 [2012]).
In light of the foregoing, we find that the Supreme Court improvidently exercised its discretion in precluding the plaintiff from testifying at trial unless, within a certain period of time, he appeared for a deposition and an independent medical examination in New York or stipulated to pay for business class airfare and accommodations for the defendants’ attorneys and independent medical examination doctor to conduct the deposition and the independent medical examination in China. Under the circumstances presented, the plaintiff should not be required to pay business class airfare and accommodations for the defendants’ doctor. We note, however, that the plaintiff has consented to pay the reasonable cost of airfare and accommodations for the defendants’ doctor to conduct the independent medical examination in China. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.