Gowen v Helly Nahmad Gallery, Inc. (2019 NY Slip Op 01350)





Gowen v Helly Nahmad Gallery, Inc.


2019 NY Slip Op 01350


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


650646/14 8501 8500

[*1]George W. Gowen, etc., Plaintiff-Respondent,
v
Helly Nahmad Gallery, Inc., et al., Defendants-Appellants.


Aaron Richard Golub, Esquire, PC, New York (Nehemiah S. Glanc of counsel), for appellants.
Landrigan & Aurnou, LLP, White Plains (Phillip C. Landrigan of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about May 9, 2018, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss on grounds of forum non conveniens, unanimously affirmed, with costs, and so much of an order, same court and Justice, entered on or about May 9, 2018, as denied defendants' motion to vacate the decision of the special master, unanimously affirmed, with costs.
In this action seeking return of a painting allegedly looted by the Nazi-occupied French government, the motion court did not improvidently exercise its discretion in denying the motion to dismiss the complaint on the ground of forum non conveniens (see Swaney v Academy Bus Tours of N.Y., Inc., 158 AD3d 437 [1st Dept 2018]; see also Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]). In weighing the relevant factors, the court correctly observed that plaintiff and several defendants maintained residences in New York (see OrthoTec, LLC v Healthpoint Capital, LLC, 84 AD3d 702, 703 [1st Dept 2011]). Although defendants suggest that France is the more appropriate forum, they also argued below, and submitted expert affidavits in support of the position, that this action would be time-barred in that jurisdiction, an important factor to consider (see Highgate Pictures v De Paul, 153 AD2d 126, 128-129 [1st Dept 1990]). This Court observes that retaining this action would not be particularly burdensome; New York has previously entertained actions concerning Nazi looting of art during World War II (see generally Reif v Nagy, 149 AD3d 532 [1st Dept 2017]). That the originals of some documents are located abroad does not require dismissal, and it is noted that the key documents have already been translated for the court (see OrthoTec at 703). In light of the foregoing, defendants failed to meet their heavy burden of establishing that the action should be dismissed on forum non conveniens grounds (see Banco Ambrosiano, S.P.A. v Artoc Bank & Trust, 62 NY2d 65, 74 [1984]).
The motion court also correctly denied defendants' motion to vacate the directives of the special master appointed to oversee discovery (see CPLR 3104; see also Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). While the estate's sole heir was not purely a nonparty (see Stutz v Guardian Cab Corp., 273 AD 4 [1st Dept 1947]; Duhnin v Herbst, 193 AD 906 [2d Dept 1920]), it was not an improvident exercise of discretion for the referee to direct that his deposition would be held in France, particularly in light of the limited nature of his knowledge, that he had not been born when the painting at issue was confiscated and that he was a toddler at the time of Stettiner's death (see also Wygocki v Milford Plaza Hotel, 38 AD3d 237 [1st Dept 2007]; Allen v Crowell-Collier Publ. Co., 32 AD2d [*2]897 [1st Dept 1969]; Beauchamp v Marlborough-Gerson Gallery, 29 AD2d 937 [1st Dept 1968]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK