## Kleinberg, Kaplan, Wolff & Cohen, P.C. v Ria R Squared, Inc.

2024 NY Slip Op 34315(U)

December 6, 2024

Supreme Court, New York County

Docket Number: Index No. 152115/2023

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. EMILY MORALES-MINERVA
*Justice*

PART          42M

-------------------------------------------------------------------X

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.,

                                            Plaintiff,

INDEX NO.          152115/2023

MOTION DATE        08/01/2024

MOTION SEQ. NO.       007

- v -

RIA R SQUARED, INC.,

                                            Defendant.

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 114, 115, 116, 117, 118, 119, 120, 121, 123

were read on this motion to/for                    DISCOVERY

APPEARANCES:

> Kleinberg, Kaplan, Wolff & Cohen, P.C., New York, New York, (David Marc Levy, Esq., of counsel), for plaintiff.

> Mandelbaum Barrett P.C., New York, New York, (Boris Peyzner, Esq., of counsel), for defendant.

HON. EMILY MORALES-MINERVA:

In this breach of contract action to recover unpaid legal fees, plaintiff KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. moves (motion sequence 007), pursuant to CPLR § 3110, for an order (1) compelling David Kang, the President, and Chief Executive Officer (CEO), of defendant RIA R SQUARED, INC., to appear in New York County for an in-person deposition, and (2) staying discovery pending decision on this motion.

Defendant RIA R SQUARED, INC., opposes the motion to the limited extent that plaintiff seeks to depose its president and

[* 1]

CEO in-person within New York County.  Defendant proposes the deposition take place remotely or in-person in the state of California.

For the reasons set forth below, the court grants plaintiff's motion (seq. no. 007) to the extent that it seeks to compel deposition testimony in New York, New York, and the court denies the motion to the extent that it seeks a stay of discovery pending a decision on this motion.

## BACKGROUND

On or around May, 20, 2021, defendant RIA SQUARED, INC. retained plaintiff KLEINBERG, KAPLAN, WOLFF & COHEN, P.C., a Manhattan based law firm, to represent it in four distinct matters (lawsuits) (see NY St Cts Elec Filing [NYSCEF] Doc. No. 001, Complaint, at ¶9; see also NYSCEF Doc. No. 41, Engagement Letter).[1]  After over a year of such representation, defendant terminated plaintiff as its counsel.  Thereafter, on March 06, 2024, plaintiff commenced the instant action against defendant, seeking no less than $503,765.77 in attorneys' fees.

---

[1] The four matters were: (1) RIA v Wyoming Catholic College, US Dist Ct, WY, Case No. 21-CV-0022; (2) RIA v Paul McCown, et al., US Dist Ct, WY, Case No. 21-CV-125; (3) RIA v Phillip McCown, US Dist Ct, MI, Case No. 21-CV-12937; and (4) RIA v DW Partners, et al., Sup Ct, NY Cnty, Index No. 651101/2022.

152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.  Page 2 of 9
Motion No. 007

[* 2]                                    2 of 9

Defendant timely answered the complaint and, with the court's subsequent permission, filed an amended answer, asserting counterclaims for legal malpractice, breach of contract, and accounting (see NYSCEF Doc. No. 35, Decision and Order, dated December 7, 2023; see NYSCEF Doc. No. 40, Answer with Counterclaims). Among other things, defendant's counterclaim affirms that defendant, a Delaware corporation, "is headquartered and regularly conducts business in New York County" (NYSCEF Doc. No. 40, Defendant's Answer with Counterclaim, p 5 [emphasis added]).

Plaintiff served a Notice of Deposition on defendant, wherein plaintiff demanded to depose defendant's President and Chief Executive Officer (CEO), David Kang, in New York County, on May 30, 2023 (see NYSCEF Doc. No. 105, Notice of Deposition). Defendant then informed plaintiff that said officer was not available on the proposed date, and that it would be in touch regarding future availability (see NYSCEF Doc. No. 106, E-mail Exchange).

Thereafter, on June 26, 2024, the parties met and conferred to discuss outstanding discovery issues, including David Kang's deposition (see id.). In that meeting, defendant asserted that the deposition of its president and CEO needed to be held "in Los Angeles, California [in-person], or remotely" (see id.).

152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.          Page 3 of 9
Motion No. 007

3 of 9

[* 3]

Having reached an impasse, plaintiff filed the instant motion (seq. no. 007) for an order compelling defendant to produce David Kang in New York County for an in-person deposition.[2]  In support of its motion, plaintiff contends that defendant has not proffered any reason why its president and CEO should not appear.

Defendant opposes the motion, reasoning in substance that "the coronavirus pandemic fast tracked the recognition by courts that remote depositions are a convenient and useful tool for litigants given advances in technology" (NYSCEF Doc. No. 114, Defendant's Brief in Opposition to Plaintiff's Motion). Further, defendant states that its president and CEO would face a significant burden and expense to travel to New York for deposition (see id.).  Defendant opines that the required alternative is for the deposition to take place in Los Angeles, California, where the president and CEO resides.

### ANALYSIS

Rule 3110 of the CPLR governs where a deposition on notice is to be taken within the State of New York.  It is, therefore, black letter law, that "when [as here] the person to be examined

---

[2] Counsels' efforts are detailed in the good faith affirmation submitted in accordance with 22 NYCRR § 202.7(c) (see NYSCEF Doc. No. 112, Affidavit of Good Faith).

**152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.**          **Page 4 of 9**
**Motion No.  007**

[* 4]                                    4 of 9

is . . . an officer, director, member or employee of a party," a deposition on notice "shall" be taken "within the county [a] in which he resides or has an office for the regular transaction of business in person or [b] where the action is pending" (CPLR 3110 [1] [emphasis added]).[3]

> "The parties may stipulate that a deposition [otherwise] be taken by telephone or other remote electronic means and that a party may participate electronically. [However, t]he stipulation shall designate reasonable provisions to ensure that an accurate record of the deposition is generated; shall specify, if appropriate, reasonable provisions for the use of exhibits at the deposition; shall specify who must and who may physically be present at the deposition; and shall provide for any other provisions appropriate under the circumstances. Unless otherwise stipulated to by the parties, the officer administering the oath shall be physically present at the place of deposition and the additional costs of conducting the deposition by telephonic or other remote means, such as telephone charges, shall be borne by the party requesting that the deposition be conducted by such means."

(CPLR 3113 [d] emphasis added]).

"Absent [as here] a stipulation between the parties to conduct a deposition remotely, a party seeking the remote deposition must demonstrate that the party would encounter undue

---

[3] Rule 3110 of the CPLR provides, in full: "A deposition within the state on notice shall be taken: 1. when the person to be examined is a party or an officer, director, member or employee of a party, within the county in which he resides or has an office for the regular transaction of business in person or where the action is pending."

152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.          Page 5 of 9
Motion No. 007

5 of 9

hardship from submitting to an in-person deposition in New York State" (Rubin v Sabharwal, 70 Misc3d 1216[A] [Sup Ct, NY Cnty 2021] [emphasis added] citing Rogovin v Rogovin, 3 AD3d 352 [1st Dept 2004]; see Yu Hui Chen v Chen Li Zhi, 81 AD3d 818 [2d Dept 2011]; V.M. v M.M., 74 Misc3d 1205[A] [Sup Ct, Kings Cnty 2022] citing Chen, 81 AD3d at 818]).

Here -- having conceded that it "is headquartered and regularly conducts business in New York County" (NYSCEF Doc. No. 40, NYSCEF Doc. No. 40, Answer with Counterclaims, p 5) -- defendant fails to demonstrate undue hardship from its president and CEO submitting to an in-person deposition in New York, New York.

Indeed, defendant's conclusive statement -- that its president and CEO would face a "burden and expense associated with traveling 2,500 [miles] from Los Angeles to New York" -- is no showing at all. The record lacks any supporting proof of defendant's personal financial hardship in this regard or proof of this officer having any other excessive difficulty in appearing in the county where defendant is headquartered and regularly conducts business.

To the extent defendant relies on the following list of cases for a contrary result, the facts presented therein are completely dissimilar to those presented here for purposes of an analogous result (see Chen, 81 AD3d at 819 [finding that a

152115/2023 KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.    Page 6 of 9
Motion No. 007

6 of 9

deposition in New York County would be an undue hardship for the plaintiff, residing in China, after being deported from the United States]; see also Rogovin, 3 AD3d at 353 [finding that defendant would face an undue hardship if she were required to travel from her home in Kansas to New York to be deposed, as the sole caregiver for her "ailing nonagenarian grandmother, who is afflicted with dementia and required around-the-clock care"]; Gabriel v Johnston's L.P. Gas Service, Inc., 98 AD3d 168 [4th Dept 2012] [finding undue hardship for an in-person deposition in New York State where the plaintiffs resided outside of the United States and were without resources to obtain visas for purposes of re-entering this country to submit to in-person depositions]).

Defendant also misplaces its reliance on the Administrative Order of the Chief Administrative Judge of the Courts, 129/20. On April 03, 2024, the Honorable Chief Administrative Judge Joseph Zayas rescinded that order, among several others, issued during the pandemic (see Admin. Order of Chief Admin. Judge of Cts, 2024-0143 [April 03, 2024] [rescinding the following Administrative Orders issued during the COVID-19 public health emergency that are presently unnecessary, inapposite, and or otherwise inoperative: AO/96/21, AO/95/21, AO/268/20. AO/143/20, AO/131/20, AO/129/20, AO/99/20, AO/85/20, AO/78/20, AO/75/20, AO/74/20, AO/73/20, AO/71/20, and AO/68/20]).

152115/2023   KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.          Page 7 of 9
Motion No. 007

[* 7]                                                              7 of 9

Defendant similarly misplaces its reliance on Executive Law § 135-c, which explicitly governs "[e]lectronic notarization," and on rule 37 of the Rules of the Commercial Division of the Supreme Court (22 NYCRR § 202.70[g]) (see NYSCEF Doc. No. 114, Affirmation in Opposition, p 8-9).[4]  Neither is dispositive or even applicable here.

Finally, defendant's opinion -- that this court should "devise and make new process [sic] and forms of proceedings" -- shows considerable misunderstanding of this Part's function and scope (see id., at p 7).

Accordingly, it is

ORDERED that plaintiff KLEINBERG, KAPLAN, WOLFF & COHEN's motion (seq. no. 007) is granted to the extent that it seeks an order compelling David Kang, the President and Chief Executive Officer of defendant RIA R SQUARED, INC., to appear in New York County for an in-person deposition; it is further

ORDERED that plaintiff's motion is otherwise denied in its entirety; it is further

---

[4] Rule 37 states, in pertinent part, "(a) The court may, upon consent of the parties or upon a motion showing good cause, order oral depositions by remote electronic means; (b) Considerations upon such a motion, and in support of a showing of good cause, shall include but not be limited to: (1) the distance between the parties and the witness, including time and costs of travel by counsel and litigants and the witness to the proposed location for the deposition; and (2) the safety of the parties and the witness, including whether counsel and litigants and the witness may safely convene in one location for the deposition; and (3) whether the witness is a party to the litigation; and (4) the likely importance or significance of the testimony of the witness to the claims and defenses at issue in the litigation."

152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.        Page 8 of 9
Motion No.  007

8 of 9

[* 8]

ORDERED that David Kang shall appear for an in-person deposition at the offices of plaintiff located at 500 Fifth Avenue, New York, New York 10110, <u>no later than January 21, 2025</u>; and it is further

ORDERED that plaintiff shall serve defendant with a copy of this order with notice of entry within ten days of such entry.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 12/6/2024 | | | | | |
|-----------|---|---|---|---|---|
| DATE | | | *Emily Morales-Minerva (signature)* | | |
| | | | EMILY MORALES-MINERVA, J.S.C. | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE |

152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.
Motion No. 007

Page 9 of 9

9 of 9