Lanaras v Premium Ocean, LLC (2025 NY Slip Op 50432(U))

[*1]

Lanaras v Premium Ocean, LLC

2025 NY Slip Op 50432(U)

Decided on April 4, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
Supreme Court, New York County

Maria Lanaras, Plaintiff,

against
Premium Ocean, LLC, Out of the Blue Wholesale, LLC, 
 Out of the Blue Seafood, LLC, Juliana Paparizou, Mare Vostrum, LLC, Efraim Bason, Ronit Bason, Defendant.

Index No. 655585/2020

Attorney for Plaintiffs: 
Alexander H. Shapiro of FORD O'BRIEN LANDY LLP
Attorneys for the Defendants: 
Stephen Wagner of COHEN, TAUBER, SPIEVACK & WAGNER P.C.
Matthew E. Hoffman of BARTON LLP
Neil L. Postrygacz

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 143, 144, 145, 146, 147, 148, 149, 150, 151, 154, 157, 166, 167, 168, 177 were read on this motion to/for DISCOVERY.
This action arises out of an alleged failure by defendants to repay a series of loans made by plaintiff Maria Lanaras ("Lanaras"), through plaintiff entity Chrisma S.A. ("Chrisma" together with Lanaras, collectively referred to as "plaintiffs"). Plaintiff Lanaras commenced this action against defendants Premium Ocean, LLC, Out of the Blue Wholesale, LLC, Out of the Blue Seafood, LLC (the "corporate defendants"), Juliana Paparizou, Efraim Bason, Ronit Bason (the "individual defendants"), and Mare Vostrum, LLC (together with the corporate defendants and the individual defendants, collectively referred to as "defendants") asserting claims for, among other things, fraudulent conveyance, breach of fiduciary duty and recovery of amounts allegedly due and owing on several loans totaling $3.4 million. On April 4, 2024, this court granted Lanaras' motion to amend the complaint in this action (motion seq. no. 005) to add Chrisma as an additional plaintiff.
In motion sequence 006, defendants Premium Ocean, LLC, Out of the Blue Wholesale, LLC, Out of the Blue Seafood, LLC, Mare Vostrum, LLC and Juliana Paparizou ("Paparizou" together with Premium Ocean, LLC, Out of the Blue Wholesale, LLC, Out of the Blue Seafood, LLC, and Mare Vostrum, LLC, collectively, the "movants") move to compel Lanaras' appearance for an in-person deposition and to compel the production of certain documents. In movants' view, plaintiffs placed Lanaras' business acumen and capacity at issue by painting her as a vulnerable and unsophisticated party who was defrauded by Paparizou out of her life savings. Therefore, movants requests that this court grant their motion to compel production of documents related to Lanaras' investment activity and personal finances, as well as documents related to Lanaras' physical and mental capacity or incapacity. Movants also seek production of plaintiffs' tax returns, asserting that such documents are the only records probative of their eleventh affirmative defense, which asserts illegality.
Legal Standard
It is well settled that the trial court has broad power to supervise disclosure (Daniels v City of New York, 291 AD2d 260, 260 [1st Dept 2002]). CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The test is one of usefulness and reason (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). "[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination, it should be considered evidence material ... in the prosecution or defense" (id. at 407 [internal quotation marks and citation omitted]). Nevertheless, "the principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure" (Mendives v Curcio, 174 AD3d 796, 797 [2nd Dept 2019] [internal quotation marks and citation omitted]). The party seeking disclosure must demonstrate that "'the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims'" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011], quoting Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]).

Motion to Compel
Tax Returns
Here, movants seek the tax returns of Lanaras and Chrisma for the purpose of showing alleged fraud related to the classification of the personal loan made to Paparizou, as well as for the purpose of uncovering whether plaintiffs claimed losses or gains on the loans. Movants assert that certain email chains produced during discovery demonstrate an alleged intent by plaintiffs to avoid tax liabilities in Greece, where Lanaras currently resides, and potentially in the United States. Movants also submit that testimony in this case has revealed that shipping income is tax free under Greek law. Based on the email exchanges and deposition testimony, movants contend that plaintiffs sought to evade tax liability in Greece, and potentially the United States, by misclassifying the purported loans as shipping-related funds or by improperly reporting revenue as shipping-related income. Given plaintiffs' assertion that all official books and records of Chrisma and Lanaras relating to the loans have been produced, movants argue that plaintiffs' tax returns are the best and only records probative of their defense of illegality.
In opposition, plaintiffs argue that movants improperly seek disclosure of plaintiffs' tax returns by mischaracterizing the two email exchanges. Plaintiffs assert that the first email — in which Lanaras' tax attorney in Greece, Paparizou, and her attorney in the United States were copied — proposed various ways to formalize and structure the alleged oral loan agreement. [*2]Additionally, plaintiffs' assert that the second email contains Lanaras' request to Paparizou for an installment repayment of the loan by the end of 2018. Plaintiffs maintain that the emails show nothing illegal about the proposals or repayment request and provide no factual support for movants' affirmative defense. Indeed, plaintiffs contend the tax returns would contain no relevant information about loan proceeds or their treatment, as the complaint alleges that no principal or interest was ever paid on the alleged loan. In any event, plaintiffs argue that movants fail to make the strong showing of necessity to justify disclosure of the tax returns.
Disclosure of tax returns is generally disfavored due to such documents' confidential and private nature (Gordon v. Grossman, 183 AD2d 669, 670 [1st Dept 1992]). Thus, "a party seeking disclosure must make a strong showing of necessity" (id.). More specifically, the proponent must "identify the particular information the return will contain and its relevance, explain why other possible sources of the information sought are inaccessible or likely to be unproductive and limit examination of the return to relevant material through redaction of extraneous information" (Nanbar Realty Corp. v Pater Realty Co., 242 AD2d 208, 209 [1st Dept 1997] [denying defendant's motion to compel plaintiff corporation's tax returns for failure to state whether another source could not provide the same information]). Movants make no such showing.
Here, movants fail to demonstrate how evidence of claimed gains, losses, or a misclassification of the purported loans is relevant to movants' illegality defense, and whether plaintiffs' tax returns would contain such information. Movants' affirmative defense rests solely on non-party deposition testimony claiming that income from shipping activities is tax-free (see NYSCEF doc. no. 149). However, movants make no showing that plaintiffs received any loan repayments. Nor do movants dispute the allegation that no principal or interest was ever paid.
Absent evidence that plaintiffs received loan proceeds or that defendants made repayments on the loans, there is no basis to suppose that plaintiffs' tax returns might contain any information relevant to movants' illegality defense. Even more fundamentally, movants fail to articulate how any purported after-the-fact scheme to gain an unwarranted tax advantage or to avoid taxation relates to whether a loan was "illegal" at the time it was made. Accordingly, disclosure of plaintiffs' tax returns is not warranted under these circumstances.
Documents Related to Lanaras' Business Acumen and Physical or Mental Incapacity
Movants also seek to compel information related to Lanaras' incapacity, wealth, business activity, real estate holdings, and investment portfolio. Movants submit that the complaint placed Lanaras' business acumen, as well as her physical and mental capacity, at issue in this case. Specifically, the complaint alleges that "Paparizou leveraged her long-term friendship with Lanaras and preyed on her physical disability and vulnerability to induce Lanaras to entrust her life savings to Paparizou" (Am. Compl. ¶ 299, 316). Movants argue that any characterization of Lanaras as a vulnerable and unsophisticated party to the alleged loan transactions is belied by the fact that she is a graduate of Yale Law School that is licensed to practice law in the state of New York with an active registration status at the time this action was filed (see NYSCEF doc. no. 146). Thus, movants assert that the information sought is relevant to their defense and will controvert plaintiffs' allegations that Paparizou preyed on Lanaras.
Plaintiffs contend that such requests are overbroad and/or vaguely defined such that they are legally improper. Specifically, plaintiffs argue that: (i) document request no. 2 is improper because it seeks all documents pertaining to Lanaras' financial and business interests from 2013 to the present; (ii) document request no. 5, seeking documents concerning Lanaras' search for [*3]safe investments, lacks sufficient clarity or particularity to warrant a search of her personal transactions; and (iii) document request no. 14, requesting documents that concern Paparizou allegedly preying on Lanaras, bears no obvious connection to Lanaras' finances.
Nevertheless, plaintiffs assert that information responsive to document request no. 14 was previously produced and that plaintiffs did not object to this request. Plaintiffs submit that the purpose of the allegations at issue was to "define the mutual understandings and relationship of trust between the parties in order to establish the predicate for a finding of fiduciary duty on Paparizou's part" (see Pl. Br. at 14). It is plaintiffs' view that Lanaras' personal wealth, business activity, or other evidence of sophistication has no legal bearing on defendants' liability, nor would it render a finding of a fiduciary relationship more or less likely. Plaintiffs also object to full disclosure of Lanaras' medical records, arguing that the complaint does not allege that Lanaras suffers from any mental incapacity.
In this case, the complaint asserts causes of action for, among other things, fraudulent inducement and breach of fiduciary duty against Paparizou, and, in the alternative, breach of contract against Paparizou. Plaintiffs' causes of action essentially allege that demand has been made for repayment on the alleged loans and that repayment has not been made, amounting to a standard breach of contract claim. The complaint also alleges the existence of some special relationship between the parties, or a heightened duty imposed on Paparizou to provide truthful information.
Based on the manner in which the pleadings are stated, it is this court's view that the complaint alleges Lanaras suffered some physical and/or mental infirmity, of which Paparizou was aware, and that Paparizou subsequently took advantage of that incapacity. To the extent that Lanaras' vulnerability is in any way related to the transaction, the pleading reads as if her disability made her susceptible to fraud or other mistreatment, particularly by someone in a position of trust. These allegations enhance the breach of contract claim by suggesting that Lanaras suffered as a result of her reliance on representations allegedly made by Paparizou. The seventh and eighth causes of action, if taken as true and liberally construed in favor of the plaintiffs, put Lanaras' capacity or lack thereof squarely at issue.
Defendants must be allowed to investigate how and in what ways Lanaras was vulnerable in order to defend against plaintiffs' claims. Disclosure of information related to Lanaras' physical and mental capacity or lack thereof is material and relevant to Paparizou's defense of this action (CPLR 3101[a]). Accordingly, plaintiffs must proffer support for their claims related to Lanaras' alleged vulnerability. To the extent that plaintiffs did not intend to allege a lack of mental or physical capacity to enter into the transaction, plaintiffs may withdraw their claims or request leave of this court to amend their pleading.
With respect to documents related to Lanaras' business acumen, the court declines to grant an order compelling plaintiffs to produce such information. The information requested consists of a wide range of documents related to Lanaras' wealth and business activity from 2013 to present, her real estate holdings, and investment portfolio. Movants have not established what records they are specifically seeking, and how such documents could lead to information necessary to defend against plaintiffs' claims. It is not enough to claim that evidence "may" lead to something relevant. The party seeking disclosure must demonstrate that the discovery sought will result in the disclosure of relevant evidence or is reasonably calculated, based upon the disclosures to date, to lead to the discovery of information bearing on the claims (Abrams, 83 AD3d at 528). "[T]he principle of 'full disclosure' does not give a party the right to uncontrolled [*4]and unfettered disclosure" (Mendives, 174 AD3d at 797 [2d Dept 2019] [internal quotation marks and citation omitted]). Moreover, movants fail to articulate that the documents plaintiffs produced in response to the requests are somehow insufficient.
In-Person Appearance in New York for Deposition
Lastly, movants seek to compel Lanaras' in-person appearance in New York to conduct her deposition. Lanaras is a citizen of Greece, where she currently resides. According to plaintiffs' counsel, Lanaras last traveled to the United States in December 2019, over a month after filing this action, and left in January 2020 (see Shapiro Aff. ¶4). Lanaras' initial objection to traveling for her deposition was based upon then-current COVID-19 vaccination requirements for foreign travelers. At the time this motion was filed in 2023, plaintiffs objected to Lanaras' in-person appearance in New York on the grounds of undue hardship caused by her physical disability. Movants assert that Lanaras has yet to produce a sworn statement of her own or from a treating physician identifying health consequences that Lanaras would suffer from international travel. Having filed suit in New York, movants argue that Lanaras should be required to appear here for her deposition.
In opposition, plaintiffs argue that travel to New York for her deposition would cause undue hardship and significant financial burden for Lanaras. Since she is confined to a wheelchair and requires assistance with daily activities, plaintiffs submit that Lanaras would need to travel with two aides to provide round-the-clock care. Plaintiffs assert that Lanaras produced three administrative rulings by the Ministry of Labor, Social Security, and Social Solidarity of the Greek Republic, attesting to the scope of her physical limitations, entitlement to a pension and other medical benefits. Although COVID-19 is no longer classified as a global pandemic, plaintiffs argue that travel still presents risks for Lanaras, whose health is already compromised by multiple sclerosis ("MS"). Plaintiffs further argue that movants fail to articulate any prejudice that would result by conducting a remote deposition, especially where, in plaintiffs' view, Lanaras' credibility is not at issue.
It is well settled that "[d]epositions of parties to an action are generally held in the county where the action is pending," unless a party demonstrates that conducting their deposition in the that county would cause undue hardship (Weinstein v. Gindi, 92 AD3d 526, 527 [1st Dept 2012]). Although plaintiffs argue that Lanaras suffers from a progressive degenerative disease that makes traveling to New York difficult, the cases that plaintiffs cited in support of their objection are distinguishable from the circumstances in the instant action. In Wygocki v. Milford Plaza Hotel (38 AD3d 237 [1st Dept 2007]), the First Department upheld the trial court's decision granting plaintiffs cross-motion to have her deposition taken on written questions pursuant to CPLR 3108. In that case, the 76-year-old plaintiff, a resident of Northern Ireland, submitted a sworn letter from her doctor advising that traveling to New York could cause "further serious problems" due to various physical ailments that predated the subject accident. Similarly, in Hoffman v. Kraus (260 AD2d 435, 437 [2d Dept 1999]), the Second Department found that defendant Kraus, a resident of Hungary, sufficiently demonstrated that traveling to New York for her deposition would cause undue hardship because, according to her sister, she was 70 years old and in failing health.
In this court's view, plaintiffs' showing of undue hardship is insufficient to warrant an exception to the general rule, that a party's deposition is to be held in the forum county. The court notes that plaintiffs did not offer a sworn statement from a treating physician that could attest to any imminent health risks Lanaras stands to suffer from traveling to New York. [*5]Furthermore, plaintiffs' brief in opposition belies their assertions of undue hardship. Specifically, plaintiffs' assertion that official Greek government rulings entitle Lanaras to benefits "including financial support for one or more aides" certainly supports the proposition that travel to New York would be feasible for Lanaras without undue hardship.
Finally, plaintiffs' contentions related to COVID-19 risks, absent a treating physician's sworn statement, are also unavailing. At the time of this decision, all administrative orders related to travel or appearance in New York courts and COVD-19 precautions have been rescinded. Plaintiffs' cited reasons related to travel risk are insufficient to overcome the presumption that a party litigating in New York should accept the costs of choosing to do so. Given that Lanaras, as party plaintiff, voluntarily chose New York as the venue to present her claims, she cannot reasonably argue to be aggrieved by the accompanying obligations.
Accordingly, it is hereby
ORDERED that the motion to compel discovery (motion sequence no. 006) is granted in part, to the extent that defendant seeks an order compelling Lanaras' in-person appearance for a deposition and to produce documents concerning Lanaras' mental or physical incapacity, as identified in defendants' First Request for the Production of Documents, Document Request No. 3 (see NYSCEF doc. no. 151); and it is further
ORDERED that the motion is otherwise denied; and it is further
ORDERED that the deposition of plaintiff Maria Lanaras shall be conducted within thirty (30) days from the date of this order.
DATE 4/4/2025
ROBERT R. REED, J.S.C.