DOIT Hospitality Del. LLC v Reuben Bros. Ltd. (2025 NY Slip Op 50532(U))

[*1]

DOIT Hospitality Del. LLC v Reuben Bros. Ltd.

2025 NY Slip Op 50532(U)

Decided on April 14, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 14, 2025
Supreme Court, New York County

DOIT Hospitality Delaware LLC, Plaintiff,

against
Reuben Brothers Limited, GRAMERCY PARKING HOUSE HOLDINGS INC., Defendant.

Index No. 650293/2022

Attorneys for Plaintiffs:
Aaron Lauchheimer of MORRISON COHEN LLP
Mahnoor Misbah of MORRISON COHEN LLP
Attorney for the Defendants:
John Scalzo of REED SMITH LLP

Robert R. Reed, J.

Pursuant to this court's preliminary conference order, dated March 28, 2025, a compliance conference was scheduled for April 10, 2025 (NYSCEF doc. no. 51). The parties appeared for a Rule 14 conference in lieu of a compliance conference, at the request of both parties, regarding a dispute as to whether plaintiff's fact witness must be produced for an in-person deposition in New York. Aaron Lauchheimer and Mahnoor Misbah appeared on behalf of plaintiff. John Scalzo and Julia Lueddeke appeared on behalf of defendants.
In its Rule 14 letter, dated April 3, 2025, defendant ("Reuben Brothers") notified the court that the depositions of fact witnesses Hetay Vora ("Vora") and Alkesh Tandon ("Tandon") remain outstanding. Tandon is a United Kingdom resident based in London; Vora resides in India. Although plaintiff ("DOIT") offered to produce both witnesses for remote depositions, Reuben Brothers insisted that the witnesses be produced in-person in New York. On April 2, 2025, DOIT agreed to produce Tandon for a deposition in New York, but maintained that Vora could not be produced in-person.
In its April 3, 2025 Rule 14 response, DOIT submits that the current wait time in India for an appointment to apply for a visa interview is 151 days and that Vora is ineligible for an interview waiver. Without an interview waiver, DOIT argues that Vora will likely be unable to secure an appointment, let alone a visa, in time to travel to New York for his deposition (see NYSCEF doc. no. 58 at 2). DOIT further argues that New York case law firmly establishes a court's discretion to permit remote depositions when a party is unable to obtain a visa to travel to the United States. In opposition, Reuben Brothers contend that good cause has not been shown to permit a virtual deposition because DOIT has not confirmed or proffered any evidence to show that Vora attempted to schedule a visa interview appointment, or even that Vora joined the waitlist for an appointment. Counsel for Reuben Brothers asserts that its client has the right to conduct Vora's deposition in person, to have the opportunity to better assess his credibility.
Under New York law, "[d]epositions of parties to an action are generally held in the county where the action is pending" (Weinstein v. Gindi, 92 AD3d 526, 527 [1st Dept 2012]). When the person to be examined is an officer, director, member or employee of a party, the deposition shall also be taken where the action is pending (CPLR 3110). "[I]f a party demonstrates that conducting his deposition in that county would cause undue hardship, the Supreme Court in its exercise of discretion can order the deposition to be held elsewhere" (Weinstein, 92 AD3d at 527).
On this record, Vora submitted an affidavit in opposition to defendant's partial motion to dismiss, where he attested that he is an authorized representative of DOIT with personal knowledge of the facts and claims set forth in the complaint (NYSCEF doc. no. 23). Additionally, counsel for Reuben Brothers asserts that Vora attended a virtual UCC auction via Zoom in 2021 — in which Reuben Brothers acquired DOIT's minority interest in a joint venture that is the subject of this dispute — and that Vora attended on behalf of DOIT. Vora, it thus appears, is both an integral fact witness and an authorized representative of DOIT. Thus, it is DOIT that bears the burden of showing that travel to New York would cause Vora substantial hardship (see Nauka v. Plenum Pub. Corp., 266 AD2d 157, 158 [1st Dept 1999] ["Plaintiff, having chosen New York as the forum in which to press its claims, and having failed to make any showing that the conduct of depositions in New York would cause it or its employees undue hardship, was not entitled to have the expense of its employees' attendance . . . shifted to defendant).
Here, DOIT fails to show that Vora will suffer undue hardship if he were compelled to travel to New York for his deposition. Pursuant to Rule 37 of the Rules of the Commercial Division, the court may order a remote deposition upon consent of the parties, or upon a motion showing good cause (22 NYCRR 202.70[g]). An opposing party's refusal to consent is insufficient to overcome the presumption that a party commencing litigation in New York should accept the burdens, costs, or inconveniences of choosing to do so. That there is or may be currently an extensive wait time for an appointment for a visa interview does not render Vora's travel to New York impossible or impracticable, or otherwise constitute good cause to permit remote deposition. DOIT has failed to set forth what steps, if any, Vora has taken to secure the necessary visa and other travel documents in the time since defendants served the deposition notice on DOIT and Vora on July 9, 2024, over nine months ago  much less whether Vora has taken any steps to expedite such process. Neither has DOIT set forth any reason why it, as plaintiff, has not taken the steps necessary to assist in securing a travel visa for a key witness for a case it commenced in New York in 2022  now three (3) years ago.
DOIT, as plaintiff, has always had an obligation to produce all fact witnesses within its control or under its employ necessary to prove its claims. Thus, DOIT, as plaintiff, has a decision to make: it may produce Vora for an in-person deposition in New York within 180 days, or not. If it fails to produce Vora in the time period specified, its complaint will be stricken for non-compliance. Having chosen New York as the forum in which to seek relief, DOIT cannot reasonably claim to be aggrieved by the accompanying obligations.
Accordingly, it is hereby
ORDERED that plaintiff shall produce Hetay Vora for an in-person deposition in New York County, New York, U.S.A. within 180 days of the date hereof.
DATE 4/14/2025
ROBERT R. REED, J.S.C.